378 So.2d 90 (1979)
Helen C. HARRIS and Henry T. Harris, Her Husband, Appellants,
v.
WINN-DIXIE STORES, INC., a Florida Corporation, Fidelity and Casualty Company of New York, a Foreign Corporation, and P.J. Ritter Company, a Foreign Corporation, Appellees.
No. NN-425.
District Court of Appeal of Florida, First District.
December 28, 1979.
Vincent J. Rio, III and Jack W. Shaw, Jr. of Mathews, Osborne, Ehrlich, McNatt, Gobelman & Cobb, Jacksonville, for appellants.
Philip A. Webb, III and Douglass E. Myers, Jr., of Webb, Swain & Watson, Jacksonville, for appellees Winn-Dixie and Fidelity.
Edward L. Kelly, of Ulmer, Murchison, Ashby & Ball, Jacksonville, for appellee Ritter.
BEN C. WILLIS, Associate Judge.
The appellants, Harris husband and wife, plaintiffs in the trial court, sued in November 1974 for injuries sustained in October *91 1974 by the wife in the store of defendant, Winn-Dixie Stores, Inc. (hereafter referred to as Winn-Dixie) when a ketchup bottle fell from a shelf and injured her. In April 1975, pursuant to leave of court, the Complaint was amended to add as defendant, Fidelity and Casualty Insurance Company (hereafter referred to as Fidelity), which is the insurance carrier for Winn-Dixie, and also to add as defendant P.J. Ritter Company (hereafter referred to as Ritter). Ritter was alleged to have been negligent, as the manufacturer and packager of the ketchup, in the design, manufacture and inspection of the bottle involved. During 1975 there was considerable activity of record, including the filing of a Third Amended Complaint, to which Ritter filed an Answer in October. Winn-Dixie had filed an Answer in March to the original Complaint, but neither it nor Fidelity specifically answered the Third Amended Complaint until March 1978. In December 1975 the court granted defendants Motion to Compel Response, and Supplemental Answers to Interrogatories were filed by Ritter.
There was no activity of record for over ten months in 1976. During November and December of that year there was some discovery activity which extended into January and March 1977. From March 22, 1977 until February 1978, eleven months, there was a period of inactivity of record. In February, March and April 1978 there was further discovery activity, and on March 29, 1978 Winn-Dixie and Fidelity filed an Answer to the Third Amended Complaint. After April 4, 1978, when Winn-Dixie filed an Answer to a Supplemental Interrogatory, there was no activity of record for about ten months when plaintiffs filed, on February 8, 1979, a one-question interrogatory to defendants for an up-date to prior interrogatories. Ritter responded on the next day with a Motion to Dismiss for Lack of Prosecution. After Ritter's motion was filed but before hearing on the motion on March 7, 1979, there was filed Ritter's Answer to Supplemental Interrogatory, plaintiff's Motion to Set the Case for Trial, and Ritter's Answers to some interrogatories filed in February 1978. On the date of the hearing, Winn-Dixie filed Answer to the Supplemental Interrogatory and propounded interrogatories of its own to both plaintiffs.
The trial judge, on March 30, 1979, entered an Order of Dismissal in which the motion of Ritter to dismiss was granted and it was stated "this cause is dismissed for lack of prosecution." This is a final dismissal with prejudice as the statute of limitation has run.
The trial court based its ruling on the operation of Rule 1.420(e) Florida Rules of Civil Procedure and "the inherent judicial power of the Court." The court based its conclusion that whatever activity of record occurred within a one-year period prior to the filing of the motion of Ritter to dismiss such was not constructively related to a good faith prosecution of the case but were mere passive efforts to keep the lawsuit on the court's docket and were not genuine measures calculated to hasten the suit to judgment. Rule 1.420(e) provides:
(e) Failure to prosecute
All actions in which it appears on the face of the record that no activity by filing of pleadings, order of court or otherwise has occurred for a period of one year shall be dismissed by the court on its own motion or on motion of any interested person, whether a party to the action or not, after reasonable notice to the parties, unless a party shows good cause in writing, at least five days before the hearing on the motion, why the action should remain pending. Mere inaction for a period less than one year shall not be sufficient cause for dismissal for failure to prosecute." Emphasis supplied.
The last sentence of the rule, emphasized above, is in a 1976 amendment effective January 1, 1977. The committee note to this amendment states that the amendment is "to prevent the dismissal of an action for inactivity alone unless one year has elapsed since the occurrence of activity of record."
The appellants contend that the dismissal is improper as there was activity of record within the one-year period prior to the filing of Ritter's motion on February 9, 1979. *92 The record filings within that period consist of Supplemental Interrogatories to Ritter, both filed February 28, 1978; Ritter's Notice of Taking Deposition and Request for Production, filed March 6, 1978; Answer of Winn-Dixie and Fidelity to Third Amended Complaint, filed March 30, 1978; Winn-Dixie's Response to Supplemental Interrogatory, filed April 5, 1978; and plaintiff's Supplemental Interrogatories to both defendants, both filed February 8, 1979.
No Motion to Dismiss was made by Winn-Dixie or Fidelity. However, it may be assumed that they adopted the position of Ritter and claimed a dismissal should apply to all defendants.
The trial court, in the Order of Dismissal, noted the inherent power of the court to dismiss for lack of prosecution with due diligence. However, the trial judge largely based his ruling on a conclusion that the activity of record during the one-year period preceding the Motion to Dismiss involved only steps in the prosecution which were mere passive efforts to keep the suit on the docket of the court and did not constitute genuine measures calculated to hasten the suit to judgment. The power to disregard action which is mere passive effort to keep the suit on the docket, and that such must be some active measure intended and calculated to hasten the suit to judgment was recognized in Gulf Appliance Distributors, Inc. v. Long, Fla. 1951, 53 So.2d 706. This case was construing Section 49.19, Florida Statutes, 1949, which then prescribed the power to dismiss for want of prosecution when there had been no "action" by filing of pleadings, order of court or otherwise that the litigation "is being prosecuted," for a period of one year. The statute has been replaced by Rule 1.420(e) of the Florida Rules of Civil Procedure with some modifications, but with basically the same requirements.
The two-fold purpose of Rule 1.420(e) is stated by this court in Strader v. Morrill, Fla. 1st DCA 1978, 360 So.2d 1137 as follows:
"(1) To require prompt and efficient prosecution of the case up to the point of submission for disposition or determination by the judge or the jury.
(2) To prevent the clogging of dockets of the trial courts with litigation that has been, essentially, abandoned for the stated period."
The trial court, in reviewing the record actions within the one-year period concluded that the Supplemental Interrogatories filed by the plaintiff in February 1978 did little more than restate previously answered interrogatories; that the February 1979 Interrogatory merely asks if there are any changes in previous Interrogatories; that the deposition noticed in April 1978 was never taken; and that the Answer of Winn-Dixie and Fidelity to the Third Amended Complaint "is identical in every respect to the Answer to the Second Amended Complaint, and that the earlier Answer would have been allowed to stand over as a response to the Third Amended Complaint." (paragraph (e), page 2 of Order of Dismissal.) However, the trial court was mistaken in stating that there had been an Answer of Winn-Dixie to the Second Amended Complaint. The only previous Answer of Winn-Dixie had been filed in March 1975, prior to the filing of Amended Complaint in which Fidelity and Ritter were joined as parties. The Answer to the Third Amended Complaint, filed in March 1978, was the only Answer made by Fidelity to a Complaint.
The problem before this Court is whether or not the trial court abused its discretion in its conclusion that each of the several items of activity within one year prior to Ritter's motion, filed February 9, 1979, should be disregarded as being a mere passive effort to keep the suit on the docket and was not a genuine measure to hasten the suit to judgment. A ruling on a Motion for an Order of Dismissal is subject to attack only on the ground that it constitutes an abuse of discretion and "this heavy burden must be borne by the losing party ..." Eli Einbinder, Inc. v. Miami Crystal Ice Co., Fla. 3rd DCA 1975, 317 So.2d 126; Popkin v. Crispen, Fla. 1st DCA 1968, 213 So.2d 445, cert. denied 222 So.2d 748. See also Reddish v. Forlines, Fla. 1st DCA 1968, 207 So.2d 703.
*93 The trial court did not rely very heavily on the concept of the inherent power of the trial court to dismiss an action which is not being prosecuted with due diligence. It did allude to the long lapses, on three occasions, of record activity of any kind, and also that the case had been pending more than eight years, in which the aggregate lapses in record prosecution exceeded four years. There was also a finding of significant prejudice to Ritter in its ability to defend because of routine destruction of quality control records, the closing and dismantling of the plant at which the ketchup in question was produced and bottled, and the retirement or transfer of knowledgable employees. There was no finding of any specific prejudice to Winn-Dixie or Fidelity.
On the subject of the court's inherent power, independent of statute or rule, to dismiss a suit for failure to prosecute it with due diligence, such power was recognized in Reddish v. Forlines, supra. It was said its purpose was to prevent unnecessary harassment and delay in litigation. The power was also noticed in Nicholson v. Eli Lilly & Co., Fla. 3rd DCA 1973, 285 So.2d 648. In Popkin v. Crispen, supra, it was observed that Rule 1.420(e) would not prevent a trial court from dismissing an action for lack of due diligence in prosecution, even though affirmative action has been taken within a period of one year prior to dismissal. However, in Hahn v. First National Bank of Delray Beach, Fla. 4th DCA 1977, 345 So.2d 345, an order dismissing an action for lack of prosecution was held improper because plaintiff propounded interrogatories immediately prior to the filing of the Motion to Dismiss for Lack of Prosecution. There had been lengthy and repeated delays in prosecution. The appellate court did not specifically reject the existence of the trial court's inherent power to dismiss for lack of prosecution, but it did refer to the "narrow class of cases which may be dismissed for failure to prosecute notwithstanding that Rule 1.420(e) is inapplicable." There was a vigorous dissent which stated the view that the trial court should have been upheld under its inherent powers. In Kenet v. Stein, Fla. 3rd DCA 1976, 326 So.2d 36, the existence of inherent power of a court to clear its docket of cases not being diligently prosecuted was noted, but it was stated: "This ground should be reserved for those cases in which the court finds that [the] offending plaintiff is purposely dragging its feet." In Latimore v. Matthews, Fla. 3rd DCA 1976, 340 So.2d 1261 it was held that a court could not be sustained in a dismissal for want of prosecution under its inherent power to control its docket without a finding that the plaintiff was wilfully delaying prosecution of the matter.
In American Salvage and Jobbing Co. v. Salomon, Fla. 3rd DCA 1979, 367 So.2d 716, the court reversed an Order of Dismissal for Lack of Prosecution because there had been record activity, within the year prior to the motion, represented by interrogatories and plaintiff's attempts to compel answers to them. It was stated that such was constructively related to a good faith prosecution of the plaintiff's case. The court referred to Rule 1.420(e) with the amendment effective January 1, 1977, which includes the statement: "Mere inaction for a period of less than one year shall not be sufficient cause for dismissal for failure to prosecute."
The court interpreted the amendment and stated:
"It is obvious that the effect of the amendment is to preclude a trial court from exercising its supposed inherent, discretionary power to dismiss a case for failure to prosecute, when, as in this case, there is activity of record within one year prior to dismissal. The amendment thus overrules such cases as Reddish v. Forlines ... See Hahn v. First National Bank of Delray Beach ..."
It seems to be well settled by our case law that it is not only the activity of record by the plaintiff that must occur during the one year prior to filing a Motion to Dismiss under Rule 1.420(e) to avoid a dismissal, but that activity of record of any party is sufficient if it is more than "a mere passive effort" and is an affirmative act directed toward disposition of the case. It was so stated in Eastern Elevator, Inc. v. *94 Page, Fla.Sup.Ct. 1972, 263 So.2d 218. In that case it was held that the filing of written interrogatories to plaintiff by one defendant within one year prior to defendant's Motion to Dismiss under the rule constituted affirmative prosecution of the action to justify denial of the Motion to Dismiss, even though plaintiff failed to answer the interrogatories. The court cited and approved a holding in Cypress Corp. of Fla. v. Smith, Fla. 2nd DCA 1969, 218 So.2d 481, that the filing of an Answer by a defendant constitutes prosecution of an action.
In Phillips Petroleum Company v. Heimer, Fla. 3rd DCA 1976, 339 So.2d 284, there was a third-party claim against three third-party defendants. There was no action of record for a period of one year by the third-party plaintiff or two defendants, but the other third-party defendant did file a Request to Produce against the original plaintiff, interrogatories were answered and a Motion for Summary Judgment was filed with an exhibit and Notice of Hearing. The court stated:
"It is well settled that action taken on the part of any party which is more than a passive effort, i.e. an affirmative act directed toward disposition of the cause, is sufficient to avoid dismissal for failure to prosecute."
The cases of Musselman Steel Fabricators, Inc. v. Radziwon, Fla.Sup.Ct. 1972, 263 So.2d 221 and Manteiga v. City of Miami, Fla. 3rd DCA 1972, 268 So.2d 537 are in accord with the concept that record activity of any party intended or calculated to move a case toward a judgment precludes dismissal for lack of prosecution if filed within the year prior to a motion to dismiss for that reason.
Examining the record activity within the pertinent one-year period, there is found the Supplemental Interrogatories by plaintiff to both Winn-Dixie and to Ritter, and an Answer by Winn-Dixie to the Supplemental Interrogatory. Also, there was in February 1979, the one question up-date interrogatory by the plaintiff to both Winn-Dixie and Ritter. These were the filings of the plaintiff. The trial court deems these were mere restated questions to previously answered interrogatories, and did not constitute more than passive efforts to keep the suit on the docket, and were not genuine measures to hasten the suit to judgment. However, there was in this period action by all defendants consisting of a Notice by Ritter of taking the deposition of Winn-Dixie and the filing of the Answer to the Third Amended Complaint by Winn-Dixie and Fidelity. The trial judge concluded the Notice of Taking a Deposition should be disregarded because the deposition was later cancelled, and that the Answer of Winn-Dixie and Fidelity is identical in every material respect to the Answer of Winn-Dixie to an earlier Complaint.
We find there is substantial basis for the trial court to conclude that the discovery sought and obtained by the plaintiff within the one-year period was merely to keep the case on the docket and did not serve to move the case toward a resolution. Even if the 1977 amendment to Rule 1.420(e) has taken away the inherent power to dismiss for lack of prosecution if there has been record activity within a year, as the American Salvage case, supra, seems to hold, the court does have the power to examine the activity of record to determine if such are, in fact, calculated to move the case toward trial and disposition or are only a passive effort to avoid dismissal for lack of prosecution.
However, the notice by Ritter of taking deposition of Winn-Dixie, even if cancelled, had a purpose of advancing Ritter's interest in preparation for trial or other disposition of the case against it. In Eastern Elevator, Inc. v. Page, supra, it was held that filing interrogatories, even if not answered, constitutes an affirmative measure precluding dismissal. The same would be applicable to Notice of Taking Deposition, even though the deposition is not taken.
The filing of the Answer of Winn-Dixie and Fidelity to the Third Amended Complaint is vital record activity. As Fidelity had not filed any previous answer, it was *95 not in a position to merely have Winn-Dixie's Answer to the original Complaint stand over to a Third Amended Complaint. Cypress Corp. of Fla. v. Smith, supra, states unequivocally that the filing of an Answer by a defendant constitutes prosecution of an action within the meaning of Rule 1.420(e), and Eastern Elevator, Inc. v. Page, supra, cites this case with approval.
Accordingly, it is found that the trial court was in error in sustaining the Motion to Dismiss in the face of the record activity of the defendants, as above stated, within the one-year period prior to the filing of Ritter's Motion to Dismiss for Lack of Prosecution.
The case is accordingly reversed and remanded to the trial court to reinstate the case on the docket for further proceedings toward a trial on the merits.
Reversed and remanded with directions.
ERVIN and BOOTH, JJ., concur.