401 So.2d 1157 (1981)
Jay MARSCHALL and Marilyn Marschall, His Wife, Appellants,
v.
WATER-BOGGAN INTERNATIONAL, INC., a Delaware Corporation; Water-Boggan Construction Company, a Florida Corporation; Gregory Anders; Neville B. Rich; Walter B. Rooke; and Charles Matheson, Appellees.
No. 80-2107.
District Court of Appeal of Florida, Third District.
August 4, 1981.
*1158 Bartel & Shuford and Robert A. Sweetapple, Miami, for appellants.
No appearance for appellees.
Before HUBBART, C.J., and NESBITT and DANIEL S. PEARSON, JJ.
NESBITT, Judge.
The appellants, plaintiffs below, appeal an order dismissing their complaint, for want of prosecution, entered pursuant to Florida Rule of Civil Procedure 1.420(e).
The plaintiffs' original action was commenced in 1977. On October 17, 1978, the court granted an order pursuant to a stipulation permitting the withdrawal of counsel for the defendants and postponing hearings on all pending motions until such time as new counsel of record for the defendants file an appearance. The defendants did not cause a new attorney of record to appear on their behalf. On March 25, 1980, on its own initiative, the trial court entered an order requiring reservice of all resident and nonresident defendants. Alias summonses were issued and substituted service was ostensibly perfected upon all defendants. On August 27, 1980, a notice of hearing on motion for order of dismissal was initiated by the court requiring the plaintiffs to show good cause in writing before September 16, 1980 why the cause should not be dismissed for want of prosecution. The plaintiffs timely filed a response reciting the foregoing facts. Nonetheless, the court dismissed the plaintiffs' complaint for want of prosecution by order entered October 3, 1980.
Florida Rule of Civil Procedure 1.420(e) provides that:
All actions in which it appears on the face of the record that no activity by filing of pleadings, order of court or otherwise has occurred for a period of one year shall be dismissed by the court on its own motion... .
By the terms of the rule, an "order of court" constitutes record activity. The computation of time for dismissal of actions is determined by calculating the time between the date of filing the last affirmative act and the date of the filing of the motion to dismiss or abate for failure to proceed according to the mandate of the rule. Florida East Coast Railway Company v. Southern Sanitation Service, 392 So.2d 355 (Fla. 4th DCA 1981); Ace Delivery Service, Inc. v. Pickett, 274 So.2d 15 (Fla.2d DCA 1973).
The order of March 25, 1980, requiring reservice of process, was record activity. The return of the alias summonses and substituted service likewise constituted record *1159 activity. Therefore, the October 3, 1980 order dismissing the action was improper because there was record activity during the one-year period preceding the motion for dismissal.
Reversed and remanded.