410 So.2d 541 (1982)
Virginia K. JOHNSON, Appellant,
v.
MORTGAGE INVESTORS OF WASHINGTON, a Maryland Business Trust, Caribbean Gulf Hotel, a Florida Corporation, and Aetna Casualty & Surety Corporation, Appellees.
No. 81-1187.
District Court of Appeal of Florida, Second District.
February 3, 1982.
Rehearing Denied March 8, 1982.
*542 Lee S. Damsker of Gordon & Maney, Tampa, for appellant.
Mark E. Hungate and Donald V. Bulleit of Fowler, White, Gillen, Boggs, Villareal & Banker, St. Petersburg, for appellees.
DANAHY, Judge.
The plaintiff appeals an order dismissing her action for failure to prosecute. We reverse.
Rule 1.420(e), Florida Rules of Civil Procedure, provides for the dismissal of an action in which it appears on the face of the record that no activity by filing of pleadings, order of court or otherwise, has occurred for a period of one year, unless the proceedings have been stayed or good cause is shown why the action should remain pending. In this case, one of the defendants filed a notice to produce on April 7, 1980. No further record activity occurred until April 7, 1981, when the same defendant filed a motion to dismiss for failure to prosecute as provided in rule 1.420(e). That motion was filed one day prematurely, and for this reason the granting of the motion and dismissal of the action was error.
The general rule for computing the time within which a thing must be done is to count the time by excluding the day on which the initial act occurred and including the corresponding future date. Scarlett v. Frederick, 147 Fla. 407, 3 So.2d 165 (1941); Fla.R.Civ.P. 1.090(a). Accordingly, the one-year period following April 7, 1980 (the date on which the notice to produce was filed), did not expire until April 8, 1981. The filing of the motion to dismiss on April 7, 1981, constituted record activity within that one-year period. Thus the action was not subject to dismissal under rule 1.420(e).
REVERSED and REMANDED.
BOARDMAN, A.C.J., and SCHOONOVER, J., concur.