PER CURIAM.
This is an appeal from a final order dismissing an action for lack of prosecution under Fla.R.Civ.P. 1.420(e). Without dispute, there was no record activity below in this case, and no good cause shown for the lack of same, during a one (1) year period prior to the filing of the subject motion to dismiss, except for (a) a motion filed by the plaintiff/appellant [Overseas Development, Inc.] to reflect a previously accomplished corporate name change of the defendant/appellee from First Federal Savings and Loan Association to AmeriFirst Federal Savings and Loan Association, and (b) a court order, granting the motion. The sole issue on appeal is whether the above motion and order constitute affirmative record activity so as to defeat an otherwise proper motion for lack of prosecution under Fla.R. Civ.P. 1.420(e). We conclude that the above motion and order do not constitute affirmative record activity and that the order dismissing the cause herein for lack of prosecution was properly entered.
Fla.R.Civ.P. 1.420(e) provides as follows:
“Failure to Prosecute. All actions in which it appears on the face of the record that no activity by filing of pleadings, order of court or otherwise has occurred for a period of one year shall be dismissed by the court on its own motion or on the motion of any interested person, whether a party to the action or not, after reasonable notice to the parties, unless a stipulation staying the action is approved by the court or a stay order has been filed or a party shows good cause in writing at least five days before the hearing on the motion why the action should remain pending. Mere inaction for a period of less than one year shall not be sufficient cause for dismissal for failure to prosecute.”
This court in Industrial Trucks of Fla., Inc. v. Gonzalez, 351 So.2d 744, 746-77 (Fla. 3d DCA 1977), states the applicable law under Fla.R.Civ.P. 1.420(e) as follows:
“The law is clear that it is an abuse of discretion for a trial court to deny a motion to dismiss an action for lack of prosecution under Fla.R.Civ.P. 1.420(e)1 where there has been no affirmative activity in the case for a period of one year preceding the filing of a motion to dismiss and good cause has not been shown as to why the action should remain pending.2 The filing of a notice of substitution of counsel and an order entered thereon does not constitute affirmative case activity to preclude such a dismissal.3 ”
“1 [footnote omitted]
2. Koppers Co. v. Victoire Development Corp., 284 So.2d 193 (Fla.1973); Metropolitan Transit Authority v. Porter, 328 So.2d 573 (Fla. 3d DCA 1976); Crouse-Hinds Co. v. Capellia, 302 So.2d 800 (Fla. 4th DCA 1974); Karkeet v. Snyder, 275 So.2d 302 (Fla. 3d DCA 1973); Shalabey v. Memorial Hospital of the South Broward Hospital District, 253 So.2d 712, 715 (Fla. 4th DCA 1971). See also Little v. Sullivan, 173 So.2d 135 (Fla.1965); Equity Capital Co. v. 601 West 26 Corp., 223 So.2d 762 (Fla. 3d DCA 1969); Landfield v. Sherman, 201 So.2d 819 (Fla. 4th DCA 1967).
2 St. Anne Airways Corp. v. Larotonda, 308 So.2d 129 (Fla. 3d DCA 1975); Florida Power and Light Co. v. Gilman, 280 So.2d 15 (Fla. 3d DCA 1973). See also Gulf Appliance Distributors, Inc. v. Long, 53 So.2d 706 (Fla.1951).”
Indeed, it has long been held that a mere passive effort to keep an action on the docket of a court by the filing of motions or orders which are not reasonably calculated to hasten the suit to judgment does not constitute affirmative record activity sufficient to defeat an otherwise proper motion to dismiss for lack of prosecution under Fla.R.Civ.P. 1.420(e). To defeat such a motion on the ground of record activity within one (1) year prior to the filing of the motion to dismiss, it must be shown that there was affirmative record activity during this time by pleading or order which was reasonably *589 calculated to advance the case toward resolution. Plainly, not all types of record activity, whether by pleading or order, will defeat an otherwise well-taken motion to dismiss for lack of prosecution, but only that record activity which is reasonably calculated to advance the cause to resolution. Bair v. Palm Beach Newspapers, Inc., 387 So.2d 517, 518 (Fla. 4th DCA 1980); Harris v. Winn-Dixie Stores, Inc., 378 So.2d 90, 93-94 (Fla. 1st DCA 1979); St. Anne Airways Corp. v. Larotonda, 308 So.2d 129 (Fla. 3d DCA), cert. denied, 316 So.2d 295 (Fla.1975); Gulf Appliance Distributors, Inc. v. Long, 53 So.2d 706 (Fla.1951).
Turning to the instant case, the motion and order reflecting an otherwise previously accomplished corporate name change of the defendant so as to correct a technical misnomer in no way advanced the cause. Indeed, the plaintiff/appellant does not even seriously contend that such a technical name change was a legal prerequisite to the successful prosecution of this lawsuit, and we are unaware of any such authority so holding. It was, at best, a passive step in this lawsuit, much akin to a motion and court order substituting counsel in the cause, which in no way hastened the lawsuit to final resolution. Accordingly, it could not defeat the subject motion to dismiss in this case.
We have not overlooked the case of O’Neal v. Midgette, 356 So.2d 1261 (Fla. 2d DCA 1978), which held that a motion and order to substitute a deceased party with the personal representative of the said party’s estate constituted affirmative record activity when filed within one (1) year of the filing of the motion to dismiss so as to preclude a dismissal for lack of prosecution. As pointed out by the court, such a motion and order was a legal prerequisite to prosecuting the action therein and obviously advanced the cause to resolution. This affirmative record activity must be distinguished, we think, from a motion and order, as here, to correct a technical misnomer of a party to the lawsuit because the latter was not a legal prerequisite to prosecuting the lawsuit, was at best a passive step of little significance in the lawsuit, and in no way advanced the cause to final resolution. As such, O’Neal cannot control the instant case.
The final order under review was properly entered below and is therefore
Affirmed.