440 So.2d 664 (1983)
Mark NELSON, Appellant,
v.
STONEWALL INSURANCE COMPANY, et al., Appellees.
No. AR-225.
District Court of Appeal of Florida, First District.
November 18, 1983.
William Fisher, III, of Fisher, Bell, Hahn & Schuster, Pensacola, for appellant.
Joe J. Harrell, of Harrell, Wiltshire, Stone & Swearington, Pensacola, for appellees.
ZEHMER, Judge.
This is an appeal from a judgment of dismissal for failure to prosecute within the past year. We affirm.
On December 14, 1982, the court entered, and the following day caused to be served, its standard form entitled "Motion, Notice, and Judgment of Dismissal," which set forth the following:
The Court finds that it does not affirmatively appear from filing of pleadings, order of court or otherwise for a period of one year that this action is being prosecuted, so
IT IS ADJUDGED AS FOLLOWS:
1. Good cause shall be shown why the action should not be dismissed for lack of prosecution at least five days before the hearing set in paragraph 3.
2. The showing of good cause shall be in writing and filed in the action.
3. If a showing of good cause is filed as provided in paragraph 2, a hearing on the question shall be held on January 11, 1983, at 2:00 o'clock p.M. [sic], before the undersigned judge, in his chambers in the Judicial Center, 190 Governmental Center, Pensacola, Florida.
4. If no showing of good cause is filed within the time specified in paragraph 1, this action shall stand dismissed for lack of prosecution without further order of court on the date specified in paragraph 3.
ORDERED at Pensacola, Florida on December 14, 1982.
On the date of this order, the last record activity noted in the court file was a motion to dismiss third-party complaint filed on August 5, 1980. On December 17, 1982, appellant (plaintiff) filed a response to the December 14 order, entitled "Showing of Good Cause," alleging that on December 18, 1981, appellees (defendants) had produced some documents in response to a request and moved for reinstatement of the action. As a result, the parties stipulated to use December 18, 1981, as the date of last record activity prior to the court's order of December 14, 1982. On January 11, 1983, defendants moved to dismiss the action pursuant to Rule 1.420(e), Florida Rules of Civil Procedure, contending plaintiff had not taken further action of record. At the hearing on that date, the court requested a memorandum of law on whether the court's action taken December 14 constituted sufficient record activity to preclude dismissal under the rule. The parties complied; and on January 24, the court entered the order of dismissal here appealed, which specifically noted that no affirmative action other *665 than appellant's attempts to reinstate the dismissal appeared of record after the court's order of December 14, 1982.
Plaintiff contends that the court's order of December 14 constituted record action that prevented dismissal and commenced anew the one-year period under the rule. We disagree.
The purpose of the rule is to expedite litigation and keep the court dockets as current as possible, and it is plaintiff's responsibility to expedite his litigation.[1] In addition to those cited by the parties, we have reviewed a number of appellate decisions which approve and disapprove dismissal for failure to prosecute.[2] Our reading of these decisions indicates that the record action held necessary to prevent a Rule 1.420(e) dismissal not only substantially furthered the prosecution of the case but, also, was initiated either by a party to the action or by a court order entered in response to a party's notice or motion that advanced the cause.[3] Accordingly, in Boeing Co. v. Merchant, 397 So.2d 399 (Fla. 5th DCA 1981), it was held that a form order issued sua sponte by the court to spur action (similar to the one used in this case) did not constitute affirmative record activity advancing the cause and, thus, did not prevent dismissal under the rule. We likewise hold that the sua sponte order of the court in this case did not constitute record activity sufficient to preclude dismissal under the requirements of Rule 1.420(e).
AFFIRMED.
MILLS and SHIVERS, JJ., concur.
NOTES
[1] May v. State ex rel. Ervin, 96 So.2d 126 (Fla. 1957).
[2] Record activity held insufficient to preclude dismissal under Rule 1.420(e):

Gulf Appliance Distributors, Inc. v. Long, 53 So.2d 706 (Fla. 1951) (motion for substitution of counsel); Overseas Development, Inc. v. Amerifirst Federal Savings and Loan Assn., 433 So.2d 587 (Fla. 3d DCA 1983) (motion to reflect previously accomplished name change of defendant and court's order therein); Appraisal Group, Inc. v. Visual Communications, Inc., 426 So.2d 1155 (Fla. 3d DCA 1983) (stipulation and order for substitution of counsel); Boeing Company v. Merchant, 397 So.2d 399 (Fla. 5th DCA 1981) (order to show cause for lack of prosecution); Industrial Trucks of Florida, Inc. v. Gonzalez, 351 So.2d 744 (Fla. 3d DCA 1977) (substitution of counsel and order thereon).
Record activity held sufficient to preclude dismissal:
Johnson v. Mortgage Investors of Washington, 410 So.2d 541 (Fla. 2d DCA 1982) (defendant's motion to dismiss for failure to prosecute); Marschall v. Water-Boggan International, Inc., 401 So.2d 1157 (Fla. 3d DCA 1981) (order requiring reservice of process and return of the alias summons and substituted service constitute record activity); but cf., Giraldo v. Cossin, 399 So.2d 540 (Fla. 3d DCA 1981); Thomas v. Personal Representative of Estate of DeLoach, 400 So.2d 204 (Fla. 1st DCA 1981) (court's notice of trial); Bair v. Palm Beach Newspapers, Inc., 387 So.2d 517 (Fla. 4th DCA 1980) (court's order vacating original dismissal and parties' stipulation to permit the filing of an amended complaint); Harris v. Winn-Dixie Stores, Inc., 378 So.2d 90 (Fla. 1st DCA 1979) (answer to a third amended complaint); American Salvage and Jobbing Co. v. Salomon, 367 So.2d 716 (Fla. 3d DCA 1979) (filing and service of interrogatories and notice of hearing on motion to compel answers to interrogatories); Strader v. Morrill, 360 So.2d 1137 (Fla. 1st DCA 1978) (motion for summary judgment); O'Neal v. Midgette, 356 So.2d 1261 (Fla. 2d DCA 1978) (motion and order to substitute personal representative of deceased party); Kenet v. Stein, 326 So.2d 36 (Fla. 3d DCA 1976) (plaintiff's notice of hearing on motion to dismiss third-party complaint); Milu, Inc. v. Duke, 256 So.2d 83 (Fla. 3d DCA 1971) (plaintiff's notice of hearing); Cypress Corp. of Florida v. Smith, 218 So.2d 481 (Fla. 2d DCA 1969) (filing of answer); City of Miami v. Railway Express Agency Inc., 141 So.2d 285 (Fla. 3d DCA 1962) (plaintiff's notice of hearing defendant's motion for production of medical reports).
[3] Marschall v. Water-Boggan International, Inc., supra, and Johnson v. Mortgage Investors of Washington, supra, relied on by plaintiff, are not controlling in this case. Marschall held that a court order requiring reservice of process constituted sufficient record activity. That order clearly advanced the prosecution of the case and should not be read, as suggested by plaintiff, to mean any order issued by a court constitutes sufficient activity to preclude dismissal. Johnson held that a defendant's motion to dismiss for lack of prosecution filed before the expiration of one year was record activity that precluded dismissal. While we have doubts about the validity of that treatment of such a motion, the case sub judice is distinguishable and, thus, not in conflict because defendant's motion to dismiss for lack of prosecution was filed on January 11, more than a year month after last the record activity.