PER CURIAM.
The trial court dismissed this action for lack of prosecution. Plaintiff appeals. We affirm.
The trial court, one day short of a year following record activity, filed a sua sponte motion and order to show cause why the action should not be dismissed for lack of prosecution pursuant to Rule 1.420(e), Florida Rules of Civil Procedure. Plaintiff did not file its notice of good cause at least five (5) days prior to the hearing as provided by the mentioned Rule. It did not file a pleading in prosecution of the action during this period. Thus, at the time of the hearing upon the court’s motion, substantially more than one year had elapsed during which there was no record activity. Incidentally, we hold that the filing of the court’s motion in administration of Rule 1.420(e), Fla.R.Civ.P., is not such record activity as will prevent dismissal for failure to prosecute.
Obviously, the court should not have, miscalculated the time and should have waited an additional day before enter *1149 ing the order to show cause. Johnson v. Mortgage Investors of Washington, 410 So.2d 541 (Fla. 2d DCA 1982). However, a plaintiff faced with this situation has only to file a pleading designed toward prosecution plus file its notice of good cause within the requisite five (5) day period before hearing, pointing out the miscalculation, which action would forestall dismissal.
AFFIRMED.
HURLEY and WALDEN, JJ„ concur.
DELL, J., dissents without opinion.