CAMPBELL, Judge.
This is an appeal by appellant/garnishee from a summary judgment in favor of ap-pellees/garnishors. Appellant raises two issues on appeal. The first issue questions the trial court’s failure to dissolve the writ of garnishment on the basis that it was prematurely issued. The second issue questions the correctness of the trial court's holding that appellant had executed a clear and unambiguous waiver of any security interest appellant had possessed in the property subject to the judgment of garnishment. We affirm on both issues.
Appellant’s first issue involves an interpretation of Florida Rule of Civil Procedure 1.550(a) which provides, in part, that no execution or final process shall issue until the time for filing a motion for new trial or rehearing directed to the final judgment has expired, or if such a motion is filed, until it is determined. Appellant relies on Mullins Lumber v. W.W. Lumber & Building Supplies, Inc., 446 So.2d 1083 (Fla. 4th DCA 1984) and C & S Plumbing, Inc. v. Live Supply, Inc., 397 So.2d 998 (Fla. 4th DCA 1981). While neither of those cases expressly state whether a writ of garnishment issued prematurely is void or merely voidable, they apparently hold, and appellant seems to argue, that such a premature writ is void. We disagree and believe, under the facts of this case, that such a writ is merely voidable. Rule 1.550(a) specifically provides that the court may, by special order, allow final process at any time after judgment, a point we will more specifically address later. But the fact that such an exception is provided within the rule, allowing issuance of an immediate writ would seem to harmonize with our conclusion that a writ mistakenly issued prematurely should not be automatically void, but only voidable.
The action below, which resulted in the final judgment upon which the writ of garnishment issued, was a mortgage foreclosure action. The mortgagors/defendants in that action because of their failure to appear, answer or respond in the lower court, suffered a default. A final judgment of foreclosure was entered. Following the foreclosure sale, there was a motion for deficiency judgment. A deficiency *556 judgment was entered and it is that deficiency judgment that was the basis for the writ of garnishment. While a party who had defaulted may move for a rehearing from a final judgment[1] and, therefore, the original mortgagors/judgment debtors could have moved to dissolve the premature writ within the ten-day period for filing for rehearing, we conclude that any right appellant/garnishee had to seek to dissolve the writ of garnishment as premature had expired by the time they sought such relief.
The final deficiency judgment which was entered by default was filed May 22, 1984. The writ of garnishment issued May 24, 1984. The answer of appellant was filed on June 14, 1984. That answer did not raise the issue of the writ’s timeliness. It was not until January 9, 1985, at the time the garnishment matter was set for trial, that appellant, by oral motion, sought to dissolve the writ and raised the premature issue for the first time. At that time, any rights that the original defendants in the deficiency judgment had to file for new trial had long since expired. As a matter of fact, more than ten days had elapsed when appellants filed their answer to the writ of garnishment. We conclude that after the ten days for filing for rehearing had expired, neither the original defendants nor appellant/garnishee had a right to seek dissolution of the writ of garnishment on the basis that it had been prematurely issued. A similar factual situation regarding the time to file a motion to dissolve existed in C & S Plumbing. However, in that case, it was the original judgment debtor and not the garnishee who moved to dissolve. In that case, the fact that the motion to dissolve was filed more than ten days after the writ of garnishment was prematurely issued without an intervening motion for new trial, was apparently neither raised nor discussed.
As a further factor in this case, we observe that the final judgment upon which the writ was issued provided “let execution issue forthwith.” We agree with Judge Anstead’s dissent m Mullins Lumber that the “forthwith” provision is sufficient to satisfy the intent of rule 1.550, which is to allow immediate execution. The American Heritage Dictionary, New College Addition, defines “forthwith” as meaning “At once; immediately; without delay.”
Finally, in regard to appellant’s second point, we agree that there was a clear and unequivocal waiver by appellant of any security interest it may have had in the property subjected to garnishment. The original judgment debtors in this case were a husband and wife who had executed a guaranty of payment to appellant on a note appellant held from a corporation in which the guarantor husband and wife had an interest. The record reflects that thereafter, appellant acknowledged receipt from the husband of some of the wife’s jewelry as security for the corporate obligation. There is nothing in the record signed by either the husband or wife which purports to pledge that jewelry as security for the corporate obligation. Subsequent to receipt of the jewelry, a vice president of appellant, who had also signed appellant’s security receipt for the jewelry, issued an intra-bank memo directing that the bank records be checked to assure that the corporate loan was “coded as an unsecured loan as the jewelry is only considered as a control for repayment of the debt.” We agree with the trial court that this memo constituted a clear and unequivocal waiver of any security interest appellant might have claimed in the jewelry.
Affirmed.
DANAHY, A.C.J., and FRANK, J., concur.

. Thomas v. Nathan, 65 Fla. 386, 62 So. 206 (1913).