490 So.2d 126 (1986)
George T. FLEMING, Appellant,
v.
BARNETT BANK OF EAST POLK COUNTY, Appellee.
No. 85-1116.
District Court of Appeal of Florida, Second District.
May 9, 1986.
Rehearing Denied June 26, 1986.
*127 Gregory J. Orcutt and Brian P. Rush, of Anderson, Thorn, Smith & Orcutt, P.A., Tampa, for appellant.
Roy C. Summerlin and Debra L. Cline, of Summerlin & Connor, Winter Haven, for appellee.
En Banc.
SANDERLIN, Judge.
Pursuant to Florida Rule of Appellate Procedure 9.331(b), the court determined to consider en banc the effect of a prematurely-filed motion to dismiss for lack of prosecution in light of this court's opinion in Johnson v. Mortgage Investors of Washington, 410 So.2d 541 (Fla. 2d DCA 1982), in which we held that such a motion constituted record activity.
In the instant matter, Barnett Bank of East Polk County filed a motion to dismiss for lack of prosecution on November 9, 1984. There had been record activity up to February 10, 1984, making February 10, 1985, the critical date. At a hearing held after the expiration of one year the trial court dismissed the action. We hold that the mere fact that the hearing took place after the one-year period and no other pleading had been filed in the meantime did not breathe life into the motion such that it could be granted by the court.
The trial court concluded that it had the inherent authority to dismiss the action for lack of due diligence under Shalabey v. Memorial Hospital of the South Broward Hospital District, 253 So.2d 712 (Fla. 4th DCA 1971). Inherent authority to dismiss an action for lack of due diligence no longer exists. See, American Salvage & Jobbing Co., Inc. v. Salomon, 367 So.2d 716 (Fla. 3d DCA 1979). There is an exception to the extent that it is authorized by Florida Rule of Civil Procedure 1.420(e). However, under that exception the parties are entitled to reasonable notice by the court of its proposed action. Here the trial court did not act on its own motion and the matter was heard upon the defendant's premature motion and notice. The concern which prompted our en banc hearing is the principle that record activity sufficient to preclude dismissal must be an affirmative act that is reasonably calculated to hasten the suit to judgment. Harris v. Winn Dixie Stores, Inc., 378 So.2d 90 (Fla. 1st DCA 1979). A motion to dismiss for failure to prosecute which is premature does not fall within this category, it does not achieve the termination of the litigation and, for purposes of the rule, the premature motion is a nullity. We therefore recede from the statement in Johnson v. Mortgage Investors of Washington, supra, that a prematurely-filed motion to dismiss for lack of prosecution constitutes record activity. Accordingly, we reverse and direct that the case be reinstated.
*128 RYDER, C.J., and GRIMES and HALL, JJ., concur.
DANAHY, J., concurs specially with opinion.
SCHOONOVER, J., concurs with DANAHY, J.
LEHAN, J., concurs in part and dissents in part with opinion.
CAMPBELL, J., concurs with LEHAN, J.
DANAHY, Judge, concurring specially.
I concur in result only and would adhere to Johnson.
LEHAN, Judge, concurring in part and dissenting in part.
I agree that a prematurely filed motion to dismiss for lack of prosecution does not constitute record activity sufficient to preclude dismissal on that ground. However, I do not agree that the prematurely filed motion in this case was a nullity. I would affirm.
It seems to me to be an unnecessary technicality to require, as the majority opinion in effect requires, that the party who filed a motion to dismiss for lack of prosecution before the expiration of one year from the last record activity file another such motion after the expiration of that one year in order to have the subject of that motion properly heard. The motion was not ruled upon until after the one year had expired without other intervening record activity. Although the record does not contain a copy of the notice of hearing on the motion, it seems unnecessary to require that the record be supplemented in that regard. It is apparent that there was notice of the hearing on the bank's motion because appellant does not argue lack of adequate notice of hearing on that motion, which the trial court's order of dismissal recites was the subject of the hearing and was argued by counsel for both sides. That notice showed appellee that the bank was asserting the position taken in the bank's motion and had the same effect which a refiling of the motion would have had. By in effect incorporating the motion, the notice was the same as a refiling of the motion. Therefore I disagree with the majority opinion's implicit conclusion that it was necessary to otherwise breathe life into the motion, and I disagree with the majority opinion's specific conclusion that life was not breathed into the motion.
The law is replete with instances where effect is given to a premature document or pleading upon the happening of a subsequent event which gives meaning to the document or pleading. An example of such effect given to documents is the after acquired title doctrine under which a real estate contract signed by a seller or a real estate deed given by a grantor before the seller or grantor acquired title to the property becomes effective upon the seller's or grantor's subsequent acquisition of title without the necessity for the execution of a new contract or deed. 44 Fla.Jur.2d Real Property Sales and Exchanges § 26; 19 Fla.Jur.2d Deeds § 158. An example of such effect given to appellate pleadings is the premature filing of a notice of appeal from a final judgment before the final judgment is rendered, i.e., filed, which becomes effective simply upon the rendering, i.e., the filing, of the final judgment without the necessity of another notice of appeal being filed. Williams v. State, 324 So.2d 74, 79 (Fla. 1975). An example of such effect given to a judicial act in a trial court is a prematurely issued writ of garnishment procured by a judgment creditor before the rehearing period on the judgment has expired; the writ becomes effective upon the expiration of the rehearing period without the necessity for the issuance of another writ. Sun Bank/Southwest N.A. v. Schad, 482 So.2d (Fla. 2d DCA 1986).
I therefore need not address, as the majority opinion does, whether the trial court had inherent authority to dismiss for lack of prosecution on its own motion and whether the failure of the trial court to have specifically made, and given notice of, its own motion prevented it from dismissing for lack of prosecution. While the order, citing Shalabey, states that the trial *129 court is exercising its inherent power to dismiss, the order also states that it grants plaintiff's motion to dismiss for failure to prosecute.