489 So.2d 218 (1986)
INMAN, INC., a Florida Corporation, Appellant,
v.
MIAMI DADE WATER AND SEWER AUTHORITY and Post, Buckley, Schuh & Jernigan, Inc., a Florida Corporation, Appellees.
No. 85-2081.
District Court of Appeal of Florida, Third District.
June 3, 1986.
*219 Horton, Perse & Ginsberg and Arnold R. Ginsberg, Miami, David B. Mankuta, Hollywood, for appellant.
Henry H. Harnage, Miami, Milton R. Adkins, Coral Gables, Peters, Pickle, Flynn & Niemoeller, Miami, for appellees.
Before NESBITT, DANIEL S. PEARSON and FERGUSON, JJ.
DANIEL S. PEARSON, Judge.
We affirm the order under review upon a holding that neither a premature motion to dismiss for lack of prosecution nor an order denying that motion constitutes record activity sufficient to preclude the entry of an order dismissing for lack of prosecution pursuant to a second and mature motion to dismiss.
On April 26, 1984, a stipulation reflecting a nearly-year-old settlement between Inman, Inc., the plaintiff below, and Florida Power and Light Company (a co-defendant of appellee Miami Dade Water and Sewer Authority and quite obviously not a party to this appeal) was filed in the cause below. Assuming, but not deciding, that this stipulation constituted the type of record activity that substantially furthered the prosecution of the plaintiff's case, it is undisputed that the only other record activity in the cause after the filing of this stipulation and before the filing on May 7, 1985, of the appellee's successful motion to dismiss, was the filing of a similar but premature motion in November 1984, and the entry of an order denying such motion in January 1985.
In concluding, as we do, that a motion to dismiss filed before the expiration of one year from the last record activity is not itself record activity precluding subsequent dismissal, we agree with the Second District's like conclusion in Fleming v. Barnett Bank of East Polk County, 490 So.2d 126 (Fla.2d DCA 1986) (en banc)[1] (receding from panel opinion in Johnson v. Mortgage Investors of Washington, 410 So.2d 541 (Fla.2d DCA 1982)). A motion to dismiss for lack of prosecution is undeniably record activity. However, because the goal of the motion is to terminate the cause, the motion is the antithesis of activity reasonably calculated, as it must be, "to advance the cause to resolution." Overseas Development, Inc. v. AmeriFirst Federal Savings and Loan Association, 433 So.2d 587, 589 (Fla. 3d DCA), pet. for rev. dismissed, 438 So.2d 833 (Fla. 1983). And, just as a court order designed to spur activity is held not to constitute affirmative record activity advancing the cause, see Nelson v. Stonewall Insurance Company, 440 So.2d 664 (Fla. 1st DCA 1983); Boeing Co. v. Merchant, 397 So.2d 399 (Fla. 5th DCA 1981), pet. for rev. denied, 412 So.2d 468 (Fla. 1982), a court order, as here, which rejects the defendant's request to terminate the prosecution, although concededly not impeding the cause, does absolutely nothing to advance it. Accordingly, the order dismissing the cause for lack of prosecution is
Affirmed.
NOTES
[1] Because, in the present case, the defendant filed a second motion to dismiss after the lapse of one year of inactivity, we need not concern ourselves with the other holding in Fleming that the premature motion, being a nullity, could not be acted upon by the court after one year of inactivity.