490 So.2d 1020 (1986)
Barbara Jean GANT and Leon Gant, Jr., Her Husband, Appellants,
v.
TALLAHASSEE MEMORIAL REGIONAL MEDICAL CENTER, A.D. Brickler, M.D. and Florida Patient's Compensation Fund, Appellees.
No. BI-182.
District Court of Appeal of Florida, First District.
June 20, 1986.
*1021 Harold E. Regan, Tallahassee, for appellants.
John D. Buchanan, Jr., of Henry, Buchanan, Mick & English, Tallahassee, for Tallahassee Memorial Medical Center and A.D. Brickler.
Craig A. Dennis, of Perkins & Collins, Tallahassee, for Florida Patient's Compensation Fund.
MILLS, Judge.
The Gants appeal from dismissal of their medical malpractice action for lack of prosecution pursuant to Rule 1.420(e), Fla.R. Civ.P. We reverse.
In February 1984, the Gants filed a medical malpractice suit against Tallahassee Memorial Regional Medical Center (TMRMC), A.D. Brickler, M.D. and the Florida Patient's Compensation Fund (Fund) based on the stillbirth of their baby in 1980. It is undisputed that the last record activity in the case prior to the motions to dismiss herein involved was a notice of deposition filed on 18 May 1984.
On 20 May 1985, the Fund filed a motion to dismiss for lack of prosecution pursuant to Rule 1.420(e), Fla.R.Civ.P. On 21 May 1985, TMRMC and Brickler jointly filed a similar motion, and the Gants filed an amended complaint. The Gants responded to the motions on 24 May, alleging that there was good cause for their failure to prosecute, namely that Dr. Brickler's insurance carrier had been in receivership during most of the one-year period of inactivity, during which time it was forbidden to defend its cases or act on them. The response also alleged that both motions were untimely filed prior to the end of the one-year period. After a hearing, the court entered its order dismissing the cause based on the 21 May TMRMC/Brickler motion; the Fund's 20 May motion was denied as untimely.
A ruling on a motion for an order of dismissal for failure to prosecute is subject to attack only on the ground that it constitutes an abuse of discretion and the losing party bears the burden of demonstrating that abuse. 107 Group, Inc. v. Gulf Coast Paving & Grading, Inc., 459 So.2d 466, 467 (Fla. 1st DCA 1984). The Gants have not shown that the trial court abused its discretion in finding that the status of Dr. Brickler's insurance carrier was not good cause for their failure to prosecute. The 29 June 1984 order placing the company in receivership, while it enjoined the prosecution of actions against the company itself, permitted the receiver at its discretion to "defend or settle any claims or suit brought against an insured of the [insurance company]" (emphasis supplied).
Rule 1.420(e), Fla.R.Civ.P., provides in pertinent part:
All actions in which it appears on the face of the record that no activity by filing of pleadings, order of court or otherwise has occurred for a period of one year shall be dismissed by the court ... on the motion of any interested person... .
In computing this period of time, Rule 1.090(a), Fla.R.Civ.P., provides that the day of the event from which the time begins to run shall be excluded and the last day included, unless it is a Saturday, Sunday or holiday, in which event the period shall run until the end of the next day which is none of these. Here, therefore, the year ran from 19 May 1984 to 19 May 1985; the latter day was a Sunday, therefore the one year period continued until the end of the day on Monday, 20 May 1985. The trial court therefore correctly determined that the Fund's motion, filed on 20 May, was untimely and denied it. See Zentmeyer v. Ford Motor Co., Inc., 464 So.2d 673 (Fla. 5th DCA 1985).
*1022 The question still remains, however, whether the Fund's motion constituted "record activity" so that granting the TMRMC/Brickler motion, filed on 21 May, was improper. Record activity, even on the 365th day, will suffice to defeat a later motion to dismiss for failure to prosecute, Parker v. Gordon, 442 So.2d 273, 275 (Fla. 4th DCA 1983), but not all types of record activity will defeat such a motion. Overseas Development, Inc. v. Amerifirst Federal Savings and Loan Assn., 433 So.2d 587, 589 (Fla. 3d DCA 1983).
Record activity sufficient to defeat a later motion to dismiss has been variously defined as "some active measure intended and calculated to hasten the suit to judgment," Gulf Appliance Distributors, Inc. v. Long, 53 So.2d 706, 707 (Fla. 1951); "more than a mere passive effort, an affirmative act directed toward disposition of the case," Harris v. Winn-Dixie Stores, Inc., 378 So.2d 90 (Fla. 1st DCA 1979); activity "calculated to move the case toward conclusion," Grooms v. Garcia, et al., 482 So.2d 407 (Fla. 2d DCA 1985); "reasonably calculated to advance the case toward resolution," Overseas Development, supra; and which "substantially furthers the prosecution of the case." Nelson, supra.
None of these definitions indicate that such activity must further a decision on the merits of a case, only that it further the conclusion thereof. This is consistent with the stated purpose of Rule 1.420(e), that is, to expedite litigation and keep the court's docket as current as possible. Nelson v. Stonewall Insurance Co., 440 So.2d 664, 665 (Fla. 1st DCA 1983). It cannot be disputed that a motion to dismiss for failure to prosecute filed by a party is calculated to hasten the conclusion, resolution or disposition of the case; it can have no other purpose. Therefore, we must find that the motion to dismiss filed one day prematurely by the Fund was "record activity" sufficient to toll the one-year period provided in the rule, rendering the grant of the later motion erroneous as a matter of law. We reverse and remand for further proceedings.
Pursuant to Rule 9.030(a)(2)(A)(iv), Fla.R. App.P., we certify that this decision expressly and directly conflicts with a decision of another district court of appeal on the same question of law. See Fleming v. Barnett Bank of East Polk Co., 490 So.2d 126 (Fla. 2d DCA 1986).
Reversed.
WENTWORTH, J., concurs.
NIMMONS, J., dissents with opinion.
NIMMONS, Judge, dissenting.
I would affirm, adopting the reasoning of the en banc decision of the Second District in Fleming v. Barnett Bank of East Polk County, 490 So.2d 126 (Fla. 2nd DCA 1986).