FRANK, Judge.
Joseph Mason appeals from the trial court’s order granting the appellee’s motion to dismiss pursuant to Rule 1.420(e) of the Florida Rules of Civil Procedure. We affirm.
The original complaint in this action was filed by the plaintiff on February 17, 1981. From that date until February 5, 1986, the record reveals only sparse activity. The last activity of record occurred on February 5, 1985, when one of the codefendants, Boyung, filed his answers to interrogatories propounded by Mason. Exactly one year later, on February 5, 1986, Boyung filed a motion to dismiss for failure to prosecute based upon a lack of record activity during the preceding one year. A motion to dismiss for failure to prosecute was also filed by a codefendant, Lamont, on February 11, 1986. Subsequently, a single order granted each movant’s motion.
Expiration of the one year period prescribed in Rule 1.420(e) of the Florida Rules of Civil Procedure occurred on February 6, 1986; that was the first day upon which a motion to dismiss for failure to prosecute could have been timely filed.
Mason asserts that Boyung’s prematurely filed motion constitutes record activity, sufficient to defeat Lamont’s subsequent but timely motion. In view of our decision in Fleming v. Barnett Bank of East Polk County, 490 So.2d 126 (Fla.2d DCA 1986), the appellant’s argument is without merit.
In Fleming, a majority of this court held that a prematurely filed motion to dismiss is, in effect, a “nullity.” Id. at 127. We are aware of the conflict between our decision in Fleming and the first district’s decision in Gant v. Tallahassee Memorial Regional Medical Center, 490 So.2d 1020 (Fla. 1st DCA 1986). We need not be concerned with either the conflict or the pend-ency of Fleming in the supreme court. Fleming v. Barnett Bank of East Polk County, 490 So.2d 126 (Fla. 2d DCA 1986), rev. granted, No. 69-023 (Fla. Oct. 22, 1986).
Rule 1.420(e) of the Florida Rules of Civil Procedure provides for the dismissal of the entire action, as opposed to dismissal only as to the moving party in the circumstance where a codefendant timely moves the trial court to dismiss the action pursuant to *28 Rule 1.420(e). Bowman v. Peele, 413 So.2d 90 (Fla. 2d DCA 1982). Lamont’s motion operated to achieve total dismissal of the action. The trial court’s order granting the motion to dismiss for failure to prosecute is affirmed.
GRIMES, A.C.J., and SCHEB, J., concur.