508 So.2d 718 (1987)
BARNETT BANK OF EAST POLK COUNTY, Petitioner,
v.
George T. FLEMING, Respondent.
FLORIDA PATIENT'S COMPENSATION FUND, Petitioner,
v.
Barbara Jean GANT and Leon Gant, Jr., Her Husband, Respondents.
TALLAHASSEE MEMORIAL REGIONAL MEDICAL CENTER, INC. and A.D. Brickler, M.D., Petitioners,
v.
Barbara Jean GANT and Leon Gant, Jr., Her Husband, Respondents.
Nos. 69023, 69062 and 69063.
Supreme Court of Florida.
June 18, 1987.
Roy C. Summerlin and Debra L. Cline of Summerlin and Connor, Winter Haven, for petitioner Barnett Bank of East Polk County.
Brian P. Rush of Anderson & Orcutt, P.A., Tampa, for respondent George T. Fleming.
Craig A. Dennis of Collins, Dennis & Williams, P.A., Tallahassee, for petitioner Florida Patients Compensation Fund.
Harold E. Regan, Tallahassee, for respondents Barbara Jean Gant and Leon Gant, Jr.
John D. Buchanan, Jr. and Edwin R. Hudson of Henry, Buchanan, Mick & English, *719 P.A., Tallahassee, for petitioners Memorial Medical Center & A.D. Brickler.
BARKETT, Justice.
We have for review the conflicting decisions of Fleming v. Barnett Bank of East Polk County, 490 So.2d 126 (Fla. 2d DCA 1986), and Gant v. Tallahassee Memorial Regional Medical Center, 490 So.2d 1020 (Fla. 1st DCA 1986). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
Two questions are presented in these cases: (1) whether a prematurely filed motion to dismiss for failure to prosecute under Florida Rule of Civil Procedure 1.420(e)[1] constitutes "record activity" sufficient to bar dismissal of the action, and (2) if not, whether the untimeliness of the motion renders it a nullity requiring refiling to have the motion properly heard. We conclude that the premature filing of such a motion is not "record activity" under the rule and may properly be ruled upon after the expiration of the one-year period.
In Fleming, the counter-defendant, Barnett Bank, filed a motion to dismiss for lack of prosecution on November 19, 1984. The last record activity in the case prior to that motion occurred on February 10, 1984. Thus, February 10, 1985, was the critical date. The only record activity between February 10, 1984, and February 10, 1985, was the filing of the motion in question. On March 17, 1985, the trial court granted Barnett Bank's motion. Thus, although the motion was filed prematurely, it was not heard until after the expiration of the one-year period. In its order of dismissal, the trial court relied on its "inherent authority" to dismiss the case. The Second District reversed, holding that a premature motion to dismiss does not constitute record activity,[2] and for purposes of the rule is a nullity. The district court also held that because the matter was noticed and heard pursuant to Rule 1.420(e), the doctrine of inherent power was inapplicable, rendering the dismissal improper because the trial court had nothing before it upon which to act.[3]
The Gant case arose from a medical malpractice complaint filed against Tallahassee Memorial Regional Medical Center (TMRMC), A.D. Brickler, M.D., and the Florida Patient's Compensation Fund (The Fund). The last record activity in that case prior to the motions to dismiss occurred on May 18, 1984. On May 20, 1985 (the last day of the one-year period), the Fund filed a Rule 1.420(e) motion, and on May 21, 1985, the remaining defendants jointly filed a similar motion.[4] The trial court denied the Fund's motion because it was premature, but granted the remaining defendants' timely motion and dismissed the case. The First District concurred in the denial of the Fund's motion but held that the cause should not have been dismissed because the Fund's motion to dismiss constituted record activity.[5]
*720 The purpose of Rule 1.420(e) is to encourage prompt and efficient prosecution of cases and to clear trial dockets of litigation that essentially has been abandoned. Harris v. Winn Dixie Stores, Inc., 378 So.2d 90, 92 (Fla. 1st DCA 1979). Accordingly, the courts generally have defined "record activity" as any act reflected in the court file that was designed to move the case forward toward a conclusion on the merits or to hasten the suit to judgment. This underlying purpose compels our agreement with the Second, Third and Fifth Districts, since an untimely motion to dismiss for lack of prosecution fulfills neither of these objectives.
There is no question that a motion to dismiss for lack of prosecution is activity and is in the record. However, as the Third District noted in Inman, Inc. v. Miami Dade Water & Sewer Authority, 489 So.2d 218, 219 (Fla. 3d DCA 1986),
[B]ecause the goal of the motion is to terminate the cause, the motion is the antithesis of activity reasonably calculated, as it must be, "to advance the cause to resolution." (Citation omitted.) And, just as a court order designed to spur activity is held not to constitute affirmative record activity advancing the cause, (citation omitted), a court order, as here, which rejects the defendant's request to terminate the prosecution, although concededly not impeding the cause, does absolutely nothing to advance it.
A motion to dismiss for lack of prosecution falls in a unique legal category. By filing such a motion, a party is asking the court to look at a case and determine whether any activity of record has occurred for a period of one year. The filing of the motion merely invokes the application of the rule. Consequently, the motion itself cannot sensibly be considered activity precluding dismissal. The basis for a conclusion cannot be deduced or inferred from the conclusion itself. Arkin Construction Co. v. Simpkins, 99 So.2d 557, 561 (Fla. 1957). To regard a premature motion to dismiss for lack of prosecution as proof of the essential fact necessary to deny the motion, i.e., that there has been record activity, would be illogical. Moreover, to permit a case to be kept alive without any significant movement toward resolution is not consistent with the meaning, spirit, and purpose of Rule 1.420(e).
Accordingly, we hold that a motion to dismiss for lack of prosecution pursuant to Rule 1.420(e), whether initiated by the court or a party, cannot be deemed "record activity" sufficient to defeat dismissal of the case for lack of prosecution.
We turn now to the question of whether a party must refile a prematurely filed Rule 1.420(e) motion upon the expiration of the one year in order to obtain the requested relief. We hold that refiling is unnecessary.
Contrary to the Gants' assertion, we find that an untimely motion to dismiss for lack of prosecution does not prejudice the opposing party. Instead, it confers an advantage to that party by alerting him or her to the lack of activity. We agree with Judge Lehan, concurring in part and dissenting in part in Fleming, that it is
an unnecessary technicality to require ... that the party who filed a motion to dismiss for lack of prosecution before the expiration of one year from the last record activity file another such motion after the expiration of that one year in order to have the subject of that motion properly heard.
490 So.2d at 128. As long as the motion is not ruled upon until after the expiration of the one-year period, we hold that it is unnecessary to file a second or subsequent motion. As Judge Lehan points out:
The law is replete with instances where effect is given to a premature document or pleading upon the happening of a subsequent event which gives meaning to the document or pleading... . [T]he premature filing of a notice of appeal from a final judgment before the final judgment is rendered ... becomes effective simply upon the rendering, i.e., the filing, of the final judgment without the necessity of another notice of appeal being filed. Williams v. State, 324 So.2d 74, 79 (Fla. 1975)... . [A] prematurely issued writ of garnishment procured by a *721 judgment creditor before the rehearing period on the judgment has expired ... becomes effective upon the expiration of the rehearing period without the necessity for the issuance of another writ. Sun Bank/Southwest N.A. v. Schad, 482 So.2d 554 (Fla. 2d DCA 1986).
Id.
What is essential is that the nonmoving party has reasonable notice and an opportunity to present evidence of good cause to defeat the dismissal. There is no question in either of these cases that adequate notice of the hearing was provided.
Accordingly, we quash the decision of the Second District in Fleming with directions that it reinstate the dismissal of the action by the trial court.
We also quash the decision of the First District in Gant, with directions that it reinstate the trial court's order of dismissal in that case.
It is so ordered.
McDONALD, C.J., and OVERTON, EHRLICH, SHAW and KOGAN, JJ., concur.
NOTES
[1] Rule 1.420(e) provides in pertinent part:

All actions in which it appears on the face of the record that no activity by filing of pleadings, order of court or otherwise has occurred for a period of one year shall be dismissed by the court on its own motion or on the motion of any interested person, whether a party to the action or not, after reasonable notice to the parties... .
[2] In so holding, the Second District receded from its prior holding in Johnson v. Mortgage Investors of Washington, 410 So.2d 541 (Fla. 2d DCA 1982). The Third and Fifth Districts reached similar conclusions in Inman, Inc. v. Miami Dade Water and Sewer Authority, 489 So.2d 218 (Fla. 3rd DCA 1986), and Carter v. Cerezo, 495 So.2d 202 (Fla. 5th DCA 1986).
[3] Although under different circumstances, a trial judge has inherent power to dismiss for lack of reasonable diligence, see Szabo v. Essex Chemical Corp., 461 So.2d 128, 129 (Fla. 3d DCA 1984), the district court correctly ruled that when a motion is filed under Rule 1.420(e), a trial court may not dismiss a cause under its inherent powers authority.
[4] The Gants filed an amended complaint a few hours after TMRMC's motion to dismiss had been filed.
[5] We note that the First District has previously held that a sua sponte order of the court to show cause why an action should not be dismissed for lack of prosecution does not constitute record activity sufficient to preclude dismissal. Nelson v. Stonewall Ins. Co., 440 So.2d 664 (Fla. 1st DCA 1983); accord Chemical Bank of New York v. Polakov, 448 So.2d 1148 (Fla. 4th DCA 1984).