PER CURIAM.
The judgment of the Board of Governors of The Florida Bar, entered July 21, 1962, filed July 24, 1962 and thereafter affirmed August 12, 1963 and filed August 19, 1963, in this disciplinary proceeding with the record and evidence and all proceedings had herein, came on to be reviewed by this court.
The report of the Board of Governors finds that respondent, Stanley S. Stein, is a member of The Florida Bar, subject to the disciplinary provisions of the Integration Rule of The Florida Bar as adopted by the Supreme Court of Florida.
Pursuant to a complaint filed by The Florida Bar, respondent was charged with committing acts contrary to honesty, justice and good morals, all in violation of Sections 8, 11, 16, 29 and 32 of the Canons of Professional Ethics, 31 F.S.A., Rules 1, 15, 27, 28, 30 and 32 of the Rules Governing the Conduct of Attorneys in Florida, 31 F.S.A., Article X of the Integration Rule of The Florida Bar, 31 F.S.A., and by his failure to-cooperate with Grievance Committee “C”' he was charged with a violation of Article-XI of the Integration Rule of The Florida Bar. The complaint charged respondent with professional misconduct on four counts, respondent denied the charges, and after hearing the referee found the respondent guilty on three of the four charges.
The referee’s report shows that on September 29, 1960, Mr. Stein received $22,-000.00 from two clients, a husband and wife, to be used in satisfying a mortgage- and paying other costs incident to the purchase of a home for the clients. The respondent failed to satisfy the mortgage and converted $13,800.00 to his own use. The referee also found respondent “ * * * guilty of violating a trust through a display of improper professional conduct brought on by a lack of professional responsibility and professional good judgment, which improper conduct is unbecoming an attorney at law * * * ” in regard to his handling of certain trust property. The referee further found that the respondent was not cooperative with the Grievance Committee.
*210 The referee recommended “that the Respondent, Stanley S. Stein, be suspended from the practice of law in Florida for a period of thirty-six months and continuously thereafter until he shall have paid the costs of these proceedings, as well as the remaining balance of $4,200.00, plus interest, owed to [the clients], and to continue to be so suspended until * * * he shall demonstrate to the Board of Governors of The Florida Bar and to the Supreme Court of Florida that he is entitled to be reinstated in the practice of law.”
Upon review of the report of the referee and the entire record in the matter, the Board of Governors of The Florida Bar concurred in and adopted the findings of guilt reported by the referee but found the discipline recommended by the referee inadequate. The Board in its judgment “Ordered and Adjudged that the respondent, Stanley S. Stein, be disbarred from the practice of law in Florida and that he pay the costs of these proceedings in the amount of $1,453.09”. Thereafter on August 23, 1963, respondent petitioned this court to review the judgment of The Florida Bar and upon review to vacate, modify, revise or reverse the Board’s judgment. After hearing oral argument but before the court rendered its judgment, a telegram and letter of retraction and recalcitration of a primary witness were filed with the court. Thereupon the court issued its Order of Remand to the Board of Governors for further consideration. The Board reconsidered the cause and arrived at the same conclusion previously announced, as evidenced by the judgment filed August 19, 1963.
The record and judgment of the Board of Governors of The Florida Bar have been examined by this court, oral argument has been heard, and upon consideration of the record and the evidence submitted, the court finds the respondent guilty of violations as set forth by the referee and the Board of Governors of The Florida Bar. However, the circumstances pleaded by respondent in mitigation of his offenses are found by this court to have merit. In regard to the conversion of trust funds, Mr. Stein testified before the referee that the husband had authorized withdrawals from the trust fund account although he did not produce proof of the authorization. This testimony is substantiated by a letter filed in this court by the wife after the referee’s report was concluded and the original judgment of the Bar had been filed, stating “I am writing you this letter to tell you that Mr. Stanley Stein’s obligation has been paid to me in full. I am sorry for the fuss that was caused. I can see now that my husband, Gus, and I gave conflicting instructions to Mr. Stein about the funds.” We also note the friendly relationship between the clients and attorney, with the respondent taking an active interest in the activities of the clients and the husband serving respondent as caretaker for several weeks. The charge against respondent regarding his improper conduct in connection with the trusteeship of certain trust property is mitigated somewhat by the testimony and the findings of the referee, “That the Respondent has been a victim of a group of unscrupulous men, as well as a victim of his own lack of good professional judgment and conduct. That the Respondent did not deliberately violate a trust with intent of causing detriment to his principals. He did not benefit financially and did not intend to financially harm” his clients. It is not inappropriate to pause here and note that this is not the first instance in which there appears to have been a dual relationship, professional-private business, between an attorney and a client that culminated in embarrassment to the attorney. When an attorney attempts to “wear two hats,” one as a professional man and one as a businessman with a client, things usually progress very satisfactorily as long as the results are profitable; however, it is not uncommon to hear the cry of “unprofessional” when such business transactions do not materialize into expected profits. Thus, in this day of commerce when many lawyers practice their professions and also participate in numerous transactions with others on a businessman’s basis, it is not only proper but necessary that a lawyer *211 always keep in mind that he is an officer of the court and that he must conduct himself in a highly ethical manner. Often he must keep extensive and accurate records lest he fall prey to those who would vent their shortcomings and disappointments against him. A lawyer engaged in this dual relationship might well remember the words of Caesar in reference to his wife, “I maintain that the members of my family should be free from suspicion, as well as from guilt.”
The degree to which the respondent’s improper conduct, as noted by the record, has been influenced by his very poor physical condition cannot be estimated, but the referee who had the parties before him found that “It is the opinion of the Referee that the Respondent is susceptible to rehabilitation and should not be disbarred, although he should be severely disciplined. The Respondent is not a hardened or vicious person who would be a menace to society if permitted at some future time to resume the practice of law. Instead, it is apparent that the Respondent for the past several years has been civic minded and an influence for good through his television program, ‘Law of the Land’, as well as through his work on behalf of the Miami Beach Bar Association, of which he was President in 1960.” We therefore feel that respondent has qualities which indicate that he is a proper subject for rehabilitation, which after all is one of the primary objectives of disciplinary proceedings.
Accordingly, the respondent, Stanley S. Stein, is hereby suspended from the practice of law for a period of twelve months from the filing of this opinion and continuously thereafter until he shall have paid the costs of this proceeding in the amount of $1,453.09, and further, thereafter until in accord with Article XI, Rule 11.10 of the Integration Rule he shall demonstrate to the Board of Governors and to this court that he is entitled to be reinstated in the practice of law upon making a showing required by the last cited rule. As a condition to reinstatement, the respondent shall either make restitution to his former clients in the full amount as recommended by the referee if indeed this has not already been done, or in the alternative, exhibit written evidence that the matter has otherwise been concluded satisfactorily. Respondent shall not be entitled to apply for reinstatement for at least twelve months from the filing of this opinion. Until he is reinstated by order of this court, respondent shall not directly or indirectly engage in the practice of law.
It is so ordered.
THOMAS, Acting C. J., and ROBERTS, THORNAL, O’CONNELL and CALDWELL, JT-, concur.