RAWLS, Judge.
Appellant-Plaintiff Alsina Zapf Thornton McCreary instituted these actions, which were consolidated by order of this court, seeking damages upon the claim that she had been defrauded by her attorneys, defendants-appellees Louis Joel and Norman P. Freedman. In his final decree, the chancellor summarizes the issues between the parties and the facts as follows:
“This cause came on to be heard on the merits. The Plaintiff herein claims that she was defrauded by her attorneys, the Defendants, when the Defendants acquired her interest in litigation they were handling for her in the year 1955.
“The Defendants defend on the basis of laches and a denial of any wrongdoing on their part.
“The Plaintiff contends that the fraud exercised against her is substantially this:
“Plaintiff hired the Defendant, Joel, to represent her in an effort to enforce any claim which she might have in the estate of her deceased adoptive father’s deceased widow, and to set aside conveyances made by the adoptive father during his lifetime; that the attorneys’ fees agreed upon for this representation was to be on a contingent basis, one-third (1/3) of the amount recovered; that in representing the Plaintiff, the Defendant, Joel, associated the Defendant, Freedman, to aid him and successfully maintained a suit to declare certain real property a homestead of the adoptive father and the consequent legal right thereof by the Plaintiff as the only child; that having done this the Defendants also obtained a decree in accounting requiring the deceased widow’s executor to account for rents he had received; that in November, 1955, while the matter was pending on appeal in the Supreme Court, the Plaintiff requested that the Defendants give her an advance in cash toward the proceeds she would eventually receive when the case would be concluded; that the Defendants finally agreed and paid the Plaintiff seven thousand dollars ($7,000.00) and had her sign various documents, misrepresenting to her that the documents were necessary to effectuate the advancement while, in truth, the documents conveyed all of the plaintiff’s interest to the Defendants; the Plaintiff further contends that the lawyers did not disclose to her that they had collected two thousand six hundred and twenty dollars ($2,620.00) in rents from the property involved between the date of the Decree of the lower Court awarding the property to her and the date of the $7,000.00 advancement; and that the Defendants later obtained an accounting judgment which was partially satisfied by real and personal property in kind and that the Defendants have made huge profits from the transaction.
“The Defendants sought to show:
“That the original fee arrangement with Joel was not for a contingent fee of one-third (1/3) but for one-half (i/£) and that this was later changed to two-thirds (2/3) to include fees for appellate proceedings; that the Defendant, Joel, had agreed to a one-third (1/3) fee for him; that the Defendant, Freedman, later came into the picture and demanded an individual fee of one-third (1/3) and the remaining one-third (1/3) of the recovery would be for the client, the Plaintiff; Defendants admitted representing the Plaintiff in what they described as a hopeless. attempt to recoup something for the *229 Plaintiff and to establish an almost impossible position for her; that they were successful in their efforts, primarily because of inadequacy of counsel for the opposing party; but after winning their decree, additional counsel for the Defendant came into the case and raised points of law that severely shook the basis for their position; that it was then that the Plaintiff contacted the Defendants and asked them to buy all of her interest in the litigation for seven thousand dollars ($7,000.00); that they, at first, declined, but when she insisted, they consulted the Chancellor, Judge Claude E. Ogilvie, Circuit Judge In and For Duval County, Florida, before whom the litigation had been held; that the Chancellor advised them to be very cautious in the matter of purchasing Plaintiff’s interest and to be sure that she had independent counsel; that the Defendants advised the Plaintiff they would purchase her interest only if she had her own attorney; that Plaintiff agreed and consulted an attorney, Allen B. Cleare, Jr., at Key West, Florida, (Plaintiff was residing with her adoptive mother in Marathon, Florida) and that the Plaintiff was advised in the transaction by the Key West attorney, who was a close.personal friend of the Plaintiff’s adoptive mother; and that the Plaintiff was fully advised by the independent counsel as to the transaction and the documents which she signed and that she was fairly paid and that the purchase of all of the Plaintiff’s interest in the litigation was by an adequate consideration considering all of the circumstances of the situation then existing.
“In applying the law to the evidence in this case, after the Plaintiff testified that the Defendants were acting as her attorneys, the Defendants had the burden of proving that they paid full and complete consideration and that the transaction was free of all of the advantages which an attorney ordinarily has of knowing more of his client’s legal rights than the client knows, Deal v. Migoski [Fla.App.], 122 So. 2d 415.”
The chancellor then concluded inter alia that:
“The fee contract providing for a two-thirds (2/3) contingent fee to Defendants as Plaintiff’s attorneys is un- . conscionable and had such a fee been actually collected or an attempt made to collect it, this Court, of necessity, would have reformed such a contract, but this is not necessary since the fee was never collected.
******
“The Defendants paid a fair consideration for what they received; however, the two thousand six hundred and twenty dollars ($2,620.00) of monies collected for rents from the property between the date of the decree of the lower Court awarding the property to Plaintiff and the date of the purchase of the interest in the litigation, which monies were deposited in a separate account, should have been paid to the Plaintiff and this has created a situation where the lawyers should have been ‘free from suspicion as well as guilt’ as pointed out in State [State ex rel. Florida Bar] vs. Stein [Fla.], 161 So.2d 209. The Defendants are severely criticized for using this $2,620.00 for the payment of certain expenses and for part of the purchase price used in the purchase of the Plaintiff’s interest in the litigation and Defendants should pay to the Plaintiff this sum of $2,-620.00 plus interest at six per cent (6%) per annum from November 6, 1955.”
The principal grievance of appellant goes to the weighing of the evidence by the chancellor and, of course, as to these matters it is elementary that the chancellor’s findings must be affirmed where com *230 petent substantial evidencé has been adduced which supports same. With the foregoing principle of law in mind, the following findings by the chancellor in his final decree give us concern, viz.: (1) That Joel and Freedman entered into a ^ contingency -fee arrangement with Alsina, which arrangement was unconscionable. (2) Joel and Freedman paid to Alsina the sum of $7,000.00 which sum was a reasonable one for her interest in the litigation. It is as to these findings that we must remand this cause for further proceedings.
Among the numerous instruments prepared by attorneys Joel and Freedman for the consummation of the sale on November 6, 1955, the most explanatory is one entitled “Affidavit” which was executed by Alsina and her mother and which reads in part:
“I understand that my said daughter has a one-third interest in all rights granted to her by virtue of the said final decree, * * *
******
“I further understand and appreciate that LOUIS S. JOEL and NORMAN P. FREEDMAN are the owners of a two-third’s undivided interest in the above described final decree * * *
* * * * * *
“I have advised my daughter that in my opinion she should sell all her said interests, past and present and future, for $7,000.00 cash, but the final decision has been and still is her own.
[signed] Alsina Mclver
i|c ifc ‡ ‡
“I have read the foregoing Affidavit executed this day by my mother, Alsina Mclver, and know the contents thereof. All the matters and things set forth by my mother are true * * *.
[Signed] Alsina Zapf Thornton” (Emphasis supplied.)
It was the expressed intent of all the parties that Joel and Freedman owned a two-third’s interest in the litigation in accordance with their fee contract with Alsina, which was in effect and enforced at the time of closing the sale of the litigation, and that the $7,000.00 figure was computed upon the basis of Alsina’s one-third interest.
The findings of the chancellor were inconsistent when he held in his final decree that the two-third’s contingent fee contract was unconscionable, and that he would not have permitted the collection of fees based upon said contract, but since the two-third’s fee was never collected, the contract was unenforceable and the matter was immaterial. It is apparent from the foregoing excerpts of the instrument drafted by Joel and Freedman and signed by Alsina and her mother that the fee was collected because the parties closed the contract of sale upon the basis that Joel and Freedman already owned a two-third’s interest and Alsina owned only a one-third interest in the subject matter of the litigation. Since the chancellor concluded that the arrangement concerning legal fees was unconscionable, with which we wholeheartedly 'agree, the cause is reversed and the chancellor is directed to:
(1) Ascertain the full value of Alsina’s claim at the time the litigation was sold to Joel and Freedman.
(2) Deduct from the foregoing value a sum to be assessed for the risk of losing on appeal [which appears to be slight] together with reasonable attorneys’ fees as determined by the chancellor under the circumstances and costs incurred up to the time of the sale of the litigation.
The remaining sum together with the mentioned $2,620.00 and interest on both from the date of sale will constitute the sum that should have been awarded to Alsina pursuant. to the chancellor’s conclusions.
Remanded with directions.
*231 WIGGINTON, Acting C. J., concurs. CARROLL, DONALD, K., J., dissents.