186 So.2d 4 (1966)
Alsina Zapf McCREARY, Petitioner,
v.
Louis S. JOEL et Ux., and Norman P. Freedman, Respondents.
Alsina Zapf McCREARY, Petitioner,
v.
CITY OF JACKSONVILLE BEACH, Respondent.
Nos. 34446, 34446-A.
Supreme Court of Florida.
April 20, 1966.
Rehearing Denied May 23, 1966.
Robinson & Randle, Jacksonville, for petitioner.
Martin Sack, Jacksonville, for respondents, Louis S. Joel and Hilda B. Joel; *5 Albert Datz, Jacksonville, for respondent, Norman P. Freedman.
HOBSON, Justice
These cases which were consolidated by an order of the District Court of Appeal, First District, have been certified by that Court to the Supreme Court of Florida under the authority of Section 4(2), Article V, Constitution of Florida, F.S.A. The District Court of Appeal, First District, determined and certified that "the decision rendered herein is one which passes upon a question of great public interest."
Were it not for the fact that these consolidated cases were so certified to this Court, we, in all probability, would be content merely to deny the petition for a writ of certiorari filed by the petitioners herein and thereby, in effect, affirm the decision of the District Court of Appeal, First District, and approve the opinion rendered by that court in support of its judgment.
At the threshold, we want it to be understood and constantly borne in mind that these cases are in no sense, in and of themselves, disciplinary proceedings.
We do not consider it necessary to outline the facts because the opinion[1] of the District Court of Appeal contains a comprehensive factual statement. Suffice it to say that petitioner herein instituted these suits some seven years after the alleged over-reaching of her attorneys, Joel and Freedman, supposedly took place. Petitioner contends in these actions filed in 1962 that her attorneys, who were handling litigation for her in 1955, took advantage of her when they purchased her interest in the subject matter of said litigation. When the oppugned transaction was consummated the suit which Joel and Freedman had won in the circuit court was pending on appeal in the Supreme Court of Florida. These attorneys were not law partners, were employed by petitioner herein at different stages, and each was to receive one-half of the contingent fee.
The Chancellor found that Joel and Freedman were not guilty of having taken advantage of their client or of perpetrating any fraud upon her in purchasing her putative[2] interest in the subject matter of the litigation. The final decree in this regard was affirmed by necessary implication in and by the decision of the District Court of Appeal, First District. We find, as did the District Court of Appeal, that there is ample evidence to support the Chancellor's ruling on this vital issue.
Counsel for respondents insist that since the District Court of Appeal did not specifically pass upon the chancellor's ruling to the effect that laches cannot be interposed as a defense by attorneys in a suit such as this, brought by a client predicated upon fraud, unethical conduct or over-reaching, we should do so. Although we entertain the view that approval of such pronouncement by the chancellor is tacitly included in the decision of the District Court, we unhesitatingly state that in this jurisdiction laches, as such, cannot be pleaded by an attorney in litigation of this character. A chancellor should consider the long delay in bringing such a suit in evaluating the equities and in determining the weight which should be given to the testimony of interested parties. We feel confident from our examination of this record that the chancellor did exactly that. Moreover, it is evident that he considered the facts which were known to petitioner in the year 1955 and also the changes which took place in real estate activity and values subsequent to 1955 and prior to 1962 which may have, to at least some *6 degree, motivated these actions and perhaps may have caused petitioner herein, when testifying in the instant suits retrospectively to have covered her mind's eye with rose colored glasses. In any event it is evident that the chancellor upon a careful consideration of all the evidence, including that which was documentary in nature, concluded that her testimony upon the pertinent issues was not worthy of belief.
The Chancellor found and declared the agreement for contingent attorneys' fee of sixty-six and two-thirds per cent interest in the subject matter of the suit to be unconscionable. We concur in the affirmance of this ruling by the District Court of Appeal, First District.
We also agree with the District Court of Appeal that the Chancellor erred in finding that the unconscionable attorneys' fee had not been collected. The District Court, in its clear analysis of the transaction between the client and her attorneys pin-pointed the fallacy of such holding when it held that the inordinate fee was, in effect, collected when it was used in computing the interest of Mrs. McCreary in the subject matter of the litigation.
In summary, after a careful and studious consideration of this record, we conclude that the decision of the District Court of Appeal, First District, is equitable, accords with logic and reason and consequently is a just, legal and proper decision.
The petition for a writ of certiorari should be denied and the judgment and decision of the District Court of Appeal, First District, should be affirmed.
It is so ordered.
THORNAL, C.J., and DREW and ERVIN, JJ., concur.
THOMAS, J., agrees to so much of the conclusion as denies the writ of certiorari.
NOTES
[1] McCreary v. Joel (Fla.App. 1965) 175 So.2d 227.
[2] It was the common thought of all parties at the time of the assailed transaction that Mrs. McCreary's interest, if her attorneys ultimately won the pending suit, was to be one-third of the property subjudice.