WIGGINTON, Acting Chief Judge.
Appellant seeks review of a judgment in favor of appellees rendered on a supersedeas bond posted by appellant on a former appeal of this cause to this court. The judgment sought to be reversed is for the amount of interest which accrued on the fund deposited in the registry of the court between the date appellees became entitled to a distribution of the fund and the date ■on which the fund was finally disbursed to appellees following the appeal to this court.
This case was originally instituted as one in eminent domain brought by the City of Jacksonville Beach to acquire a parcel of land owned by appellees, Freedman and Joel. Appellant McCreary was joined as a party to the cause because of an interest which she claimed in the land, which interest she was asserting in a separate ■chancery proceeding against Joel and Freedman then pending in the Circuit Court of Duval County. By her chancery suit appellant claimed that the deed executed by her conveying the land in question to Joel and Freedman had been procured by fraud and prayed for a decree setting it aside as void. The eminent domain proceeding was first concluded, and the compensation awarded by the jury for the taking of the property was deposited in the court registry. Distribution of the award was deferred by the court pending disposition of the chancery case seeking determination of title to the property. The chancery case was ultimately concluded by a final decree which found against appellant on the issue respecting the validity of the deed, but awarding her a money judgment for the amount found to be due her from the appellees.
It was at this point in the proceedings that the court in the eminent domain suit entered an order directing the clerk to disburse to appellees the condemnation proceeds on deposit in the court registry. Appellant objected to the order of distribution and immediately filed her notice of appeal, seeking and obtaining a supersedeas order and posting in the cause a bond to indemnify appellees for any costs and damages they may suffer because of the appeal. Appellant also appealed the decree rendered in the chancery suit. Both appeals were consolidated in this court for the purpose of hearing and final determination. By its opinion rendered on May 13, 1965,[1] this court affirmed that portion of the chancery decree which found in favor of appellees Joel and Freedman on the issue of title to the land in dispute, and affirmed the money judgment in favor of appellant. That part of the decree which approved all other aspects of the transaction between appellant and appellees was reversed with directions that the court ascertain the full value of appellant’s interest in the land at the time she sold it to appellees, and award her a judgment for the amount found to be due her under the circumstances, less costs and a reasonable attorney’s fee.
*757 The written opinion filed in the consolidated appeals was devoted primarily to a •discussion of the issues presented in the •chancery case. The propriety of the order •of distribution entered in the eminent domain case was not discussed. The mandate issued in each case, however, recited that the judgment or decree appealed was reversed and the cause remanded for further proceedings.
It was our unexpressed though clearly implied purpose in reversing the order in the eminent domain case to permit the trial court to retain in custodia legis the condemnation proceeds until final disposition of the further proceedings to be had in the chancery case. It was anticipated that because of the interrelation of each case to the other, they would remain in a posture of consolidation until final disposition was made of the entire controversy. By our opinion we held that appellees had overreached appellant and exacted of her an unconscionable bargain by the manner in which they computed appellant’s interest in the litigation they were then purchasing from her. It was out of this transaction that they secured title to the land which was later condemned by the City of Jacksonville Beach. The condemnation proceeds were a substitute for and stood in lieu ■of the land itself. It was our intent to place the trial court in position to control that fund so as to assure that such amount as may be awarded appellant in the chancery case would be paid.
Upon the going down of our mandate in the consolidated appeals, the trial court ■disbursed to appellees the compensation awarded in the eminent domain case then on deposit in the court registry. Appellees thereupon moved the court for a judgment against appellant and the surety on the su-persedeas bond posted by her on the appeal for the damages which they claimed to have suffered by being deprived of the use of their money during the pendency of the appeal. Pursuant to this motion the court awarded appellees a judgment in the amount of $4,000.00 as damages, which sum represents interest on the registry fund during the time the appeal was pending. It is that judgment which appellant now asks us to review.
Appellant having secured a reversal of the order of distribution in the eminent domain case from which her appeal was taken, the condition of her supersedeas bond was satisfied and appellees were not entitled to a judgment for damages representing interest on the fund during pend-ency of the appeal. The judgment appealed is accordingly reversed and the cause remanded with directions that the judgment be set aside and declared void and of no effect.
JOHNSON and SPECTOR, JJ., concur.

. McCreary v. Joel, (Fla.App.1965) 175 So.2d 227.