347 So.2d 465 (1977)
Jenny PHILLIPS, a Minor, by and through Her Father and Next Friend, Verldon Phillips and Verldon Phillips, Individually, Plaintiffs,
v.
NATIONWIDE MUTUAL INSURANCE COMPANY, Victoria Brickler and Ethel Evans, Defendants.
No. 77-261.
District Court of Appeal of Florida, Second District.
June 29, 1977.
David A. Maney, Gordon & Maney, Tampa, for plaintiffs.
Thomas J. Ellwanger, Fowler, White, Gillen, Boggs, Villareal & Banker, Tampa, for defendants.
SCHEB, Judge.
The Circuit Court for the Thirteenth Judicial Circuit has certified the following *466 question to this court pursuant to Fla.App. Rule 4.6(a):
IS THE CONTINGENT FEE AGREEMENT BINDING ON THE MINOR CHILD OR IS IT THE DUTY OF THE COURT TO SET A REASONABLE ATTORNEY'S FEE FOR SERVICES RENDERED TO THE MINOR CHILD WITHOUT REGARD TO THE CONTINGENCY AGREEMENT?
In certifying the question to this court, the trial judge set forth the facts as follows:
This personal injury action was settled by the parties before trial. The action was brought by the plaintiff-father and next friend of the injured minor child. The only remaining matter pending before the Court is a petition for approval of settlement of the minor's claim and the petition also seeks Court approval of an attorney's fee for services rendered to the minor child in an amount equal to 40% of the gross recovery,[1] and this claim for attorney's fee is based upon a contingent fee agreement between the father of the minor child and the attorney... .
The minor child was not a party to the contingent fee agreement and there has been no prior Court approval of the contingent fee agreement with respect to the minor. The gross amount of the proposed settlement for the minor child is $4,500.00 and consequently it is not necessary under the statute[2] to require the appointment of a guardian.
The Court believes that the question certified is one without any controlling precedent in the State of Florida. The Court's own research indicates little harmony in the decisions of foreign jurisdictions passing on the question.
It appears that an answer to the certified question will facilitate the proper disposition of this cause, and therefore the question is one we should answer. Fla.App. Rule 4.6(a).
The circuit court has the inherent jurisdiction and right to protect minors and their property. Thus, the trial court's authority is sufficiently broad to determine whether a contract on behalf of a minor for payment of legal fees is reasonable.[3]
The next friend of a minor has power to act on that minor's behalf and, where necessary, to conduct litigation to enforce the claims of a ward. Garner v. Schilling, 128 Fla. 353, 174 So. 837 (Fla. 1937). When a next friend or guardian seeks recovery for damages resulting from personal injuries to a minor, it is frequently both desirable and advantageous to employ an attorney under a contingent fee contract. Contingent fee arrangements in cases of this type, where reasonable, are recognized under Fla. Bar Code Prof.Resp., E.C. 2-20. Reasonable contingent fee contracts have been upheld by our Supreme Court. Cone v. Benjamin, 157 Fla. 800, 27 So.2d 90 (1946).[4]
Accordingly, a contingent fee arrangement entered into on behalf of a minor will be binding on the minor if the trial court determines: 1) that it was reasonably *467 necessary to employ an attorney on behalf of the minor; and 2) that the contract by which the attorney was employed was fair and reasonable at the time it was entered into.
Here, a minor was injured in an accident. The trial judge must first ascertain if it was necessary for the next friend to employ an attorney on behalf of the minor. Then he must determine if employment by means of a contingent fee contract was appropriate. We defer to the trial court to determine whether the next friend's decision to employ an attorney on a contingent fee basis was reasonable and if so whether the specific contract of employment was fair and reasonable under the circumstances.
Accordingly, we remand this cause to the trial court for further proceedings consistent with this opinion.
McNULTY, Acting C.J., and GRIMES, J., concur.
NOTES
[1] The contingency fee arrangement provided that the attorney is to receive one-third of any recovery if the claim is "settled without suit or demand for arbitration," and 40% "in the event suit or demand for arbitration is filed." Since suit was filed, the attorney's claim is for 40% of the gross settlement.
[2] The trial judge's reference appears to be to Sec. 744.387(2), Fla. Stat. (1975), effective January 1, 1976. This statute allows the natural guardian (parent) of a minor to settle a claim on the minor's behalf that does not exceed $5,000, without the appointment of a legal guardian and without posting bond.
[3] Our circuit courts have the constitutional jurisdiction to control and protect minors and their property. Art. V, § 5, Fla. Const. The trial judge continues to exercise the historic role of the chancellor, which allows him broad discretion in making orders for the protection of minors. See Fisher v. Guidy, 106 Fla. 94, 142 So. 818 (1932).
[4] In Tenney v. City of Miami Beach, 152 Fla. 126, 11 So.2d 188 (1942), a contingency fee of one-third of the amount recovered was found to be reasonable. On the other hand, in McCreary v. Joel, 186 So.2d 4 (Fla. 1966), a contingency fee of two-thirds of the amount recovered was held to be unreasonable.