488 So.2d 607 (1986)
Hugh S. NIXON, As Personal Representative of the Estate of Vanbert S. Curry, Deceased, and Ratiner & Glinn, P.A., Appellants,
v.
Jeffrey Jaye BRYSON, Bryson Aviation, Inc., Eben Air, Inc., and Philip M. Gerson, As Guardian Ad Litem for Minor Ward Damarlus Davon Curry, Appellees.
No. 85-271.
District Court of Appeal of Florida, Third District.
May 6, 1986.
Horton, Perse & Ginsberg and Edward A. Perse, Ratiner & Glinn, Miami, for appellants.
Phillip M. Gerson, Miami, for appellees.
*608 Before SCHWARTZ, C.J., and HENDRY and NESBITT, JJ.
HENDRY, Judge.
Plaintiff Hugh S. Nixon, as personal representative of the estate, and on behalf of the survivors and family of Vanbert Curry, appeals an order authorizing settlement of a wrongful death action and allocating settlement proceeds and a final judgment entered pursuant to such order.
The facts may be briefly stated. Vanbert Curry was killed in an airplane crash which occurred on February 17, 1984. Hugh Nixon, as personal representative of the estate of Vanbert Curry, and on behalf of the deceased's survivors and family members, filed a wrongful death action against Jeffrey Jaye Bryson, Bryson Aviation, Inc. and Eben Air, Inc. Mr. Nixon entered into a 40% contingent fee contract (40% of the gross amount recovered) with attorneys Ratiner and Glinn, P.A., relative to the case.
Mr. Nixon, acting through counsel Ratiner & Glinn, P.A., settled the case with all defendants for $100,000. Mr. Nixon moved the trial court to accept the settlement agreement. The agreement provided for 40% of the $100,000 to go to Ratiner & Glinn, P.A., $7,500 to go to the deceased's estate, $5,000 to go to the deceased's mother and $44,354 to go to the deceased's minor son, Damarlus Davon Curry. The trial court, on its own motion, appointed attorney Philip M. Gerson as guardian ad litem for Damarlus Curry. Mr. Gerson recommended that the trial court approve the proposed settlement agreement.
Shortly thereafter, a hearing was held on the motion to approve the settlement agreement. The trial court approved the settlement except that it reduced the legal fee for Ratiner & Glinn, P.A. from $40,000 (40% of the gross amount recovered) to $33,333.33 (one-third of the gross amount recovered). Ratiner & Glinn, P.A. objected to the reduction in the legal fee, pointing out that a 40% contingent fee agreement existed between the law firm and the personal representative. The trial court acknowledged the existence of the contingent fee agreement. The court indicated, however, that it was reducing the legal fee to one-third of the settlement amount on the ground that "such was fair under the circumstances" and because "[t]here was no trial" in the case.
Subsequently, the court entered an order authorizing the settlement of the wrongful death action and providing for the allocation of the settlement proceeds. The order limited attorney's fees to one-third of the gross amount recovered. A final judgment was also entered pursuant to the order.
Mr. Nixon brought this appeal from the order and final judgment. Mr. Nixon, Mr. Bryson, Bryson Aviation, Inc. and Eben Air, Inc. are nominal parties on appeal. The real parties in interest are appellant Ratiner & Glinn, P.A. and appellee Philip M. Gerson, guardian ad litem for the deceased's minor son.[1]
The sole issue for our consideration is whether the trial court abused its discretion in reducing the attorney's fee to one-third of the settlement amount, where a contingent fee agreement exists prescribing a set attorney's fee of 40% of the gross amount recovered. For the reasons which follow, we affirm the order and final judgment of the trial court.
Under Florida law, when an action is pending which is brought on behalf of a minor, the trial judge has a statutory duty to ensure that the settlement of that action is in the best interest of the minor. § 744.387(1), Fla. Stat. (1985).[2] "No settlement *609 after an action has been commenced by or on behalf of a minor... shall be effective unless approved by the court having jurisdiction of the action." § 744.387(3)(a), Fla. Stat. (1985). In a wrongful death action, the court is required to provide protection for any amount awarded for the benefit of a minor child and no settlement which affects a minor shall be effective unless approved by the court. §§ 768.23, 768.25, Fla. Stat. (1985).[3]
The authority of the court to protect minors and their property includes the authority to determine whether a contract to pay legal fees, entered into on behalf of a minor, is reasonable.[4]Phillips v. Nationwide Mutual Insurance Co., 347 So.2d 465 (Fla. 2d DCA 1977).
In Phillips, 347 So.2d at 466-67, the Second District Court of Appeal enunciated a standard for determining whether a contingent fee arrangement entered into on behalf of a minor would be binding on the minor. The court held such a contract would be binding "if the trial court determines: 1) that it was reasonably necessary to employ an attorney on behalf of the minor; and 2) that the contract by which the attorney was employed was fair and reasonable at the time it was entered into." We do not find the standard fashioned by the Phillips court to be sufficiently protective of the minor's best interests. As earlier stated, no settlement may be approved unless the trial court is satisfied it is in the minor's best interests. §§ 744.387(1), (3)(a), 768.23, 768.25, Fla. Stat. (1985).
We hold that for a contract for legal services on behalf of a minor to be binding on the minor, the trial court must consider not only whether it was reasonably necessary to employ an attorney on behalf of the minor and whether the contract was fair and reasonable at the time it was entered into, but also whether the contract was fair in relation to the amount of legal services performed. In the instant case, the trial court did consider the fairness of the contract in relation to the amount of legal services provided and ordered that the attorney's fees be reduced to one-third of the settlement amount. Under these circumstances, we do not find the trial court abused its discretion.
For the foregoing reasons and based on the authorities cited, the order and final judgment appealed are affirmed.
Affirmed.
NOTES
[1] Mr. Gerson moved this court for relinquishment of jurisdiction to the trial court so that he could apply for instructions or obtain a substitute guardian ad litem. The motion was denied. Accordingly, Mr. Gerson has argued on appeal that the trial court acted properly in reducing the attorney's fee. This is inconsistent with the recommendation he made to the trial court to approve the proposed settlement agreement, which agreement included a 40% contingency fee for Ratiner & Glinn, P.A.
[2] Settlement of claims. 
(1) When a settlement of any claim by or against the guardian of the property of the ward, whether arising as a result of personal injury or otherwise, and whether arising before or after appointment of a guardian, is proposed, but before an action to enforce it is begun, on petition by the guardian stating the facts of the claim, question, or dispute and the proposed settlement, and on any evidence that is introduced, the court may enter an order authorizing the settlement if satisfied that the settlement will be for the best interest of the ward. The order shall relieve the guardian from any further responsibility in connection with the claim or dispute when the settlement has been made in accordance with the order... . [Emphasis added.]
[3] Protection of minors and incompetents. 
The court shall provide protection for any amount awarded for the benefit of a minor child ... pursuant to the Florida Guardianship law.
768.25 Court approval of settlements. 
While an action under this act is pending, no settlement as to amount or apportionment among the beneficiaries which is objected to by any survivor or which affects a survivor who is a minor ... shall be effective unless approved by the court.
[4] Florida courts have inherent power to protect minor children and their property. Cone v. Cone, 62 So.2d 907 (Fla. 1953); State, Dept. of Health & Rehab. Services v. Hollis, 439 So.2d 947 (Fla. 1st DCA 1983); Groover v. Groover, 383 So.2d 280 (Fla. 5th DCA 1980); Phillips v. Nationwide Mutual Ins. Co., 347 So.2d 465 (Fla. 2d DCA 1977).