533 So.2d 935 (1988)
Anthony MARTINEZ, Appellant,
v.
Joaquin FUENMAYOR, M.D.; Harold Kushner, M.D., and Anthony Maniglia, M.D., Appellees.
No. 88-16.
District Court of Appeal of Florida, Third District.
November 22, 1988.
Rehearing Denied January 11, 1989.
Patricia Graham Williams, Miami, for appellant.
Parenti & Falk and Hayes G. Wood, Miami, for appellees.
Before SCHWARTZ, C.J., HUBBART and JORGENSON, JJ.
PER CURIAM.
The final orders dismissing the action below for lack of prosecution under Fla.R.Civ.P. 1.420(e) are affirmed based on the following briefly stated legal analysis. First, there was no record activity in the instant action for one year prior to the filing of appellees' motion to dismiss, save for a motion to strike sham pleadings and an affidavit in support thereof which was filed by a non-party who was mistakenly served as a defendant in this cause. The aforesaid motion and affidavit in no way advanced the cause to resolution and cannot, in our view, preclude a dismissal under the above rule. See, e.g., Inman, Inc. v. Miami Dade Water & Sewer Auth., 489 So.2d 218 (Fla. 3d DCA 1986); Overseas Dev., Inc. v. AmeriFirst Fed. Sav. & Loan Ass'n, 433 So.2d 587, 589 (Fla. 3d DCA), pet. for rev. dismissed, 438 So.2d 833 (Fla. 1983). Second, there was no good cause shown in writing for the lack of record activity in this cause as required by Fla.R. Civ.P. 1.420(e). Indeed, appellant's written response to the motion to dismiss made no effort to excuse the lack of record activity in this cause; appellant's oral argument at the hearing on the said motion cannot cure this fatal defect. Shields v. Moore, 352 So.2d 139, 140 (Fla. 4th DCA 1977).
Affirmed.