533 So.2d 935 (1988)
Adelo BUNCAYO, an Individual, Maria Buncayo, an Individual, and the Law Offices of Presley & Schapiro Chartered, a Domestic Corporation, Appellants,
v.
Michael DRIBIN, As Guardian Ad Litem for the Minor Plaintiff, Adrian Buncayo, Appellee.
No. 88-307.
District Court of Appeal of Florida, Third District.
November 22, 1988.
*936 Michael R. Presley and Sheldon M. Schapiro, Fort Lauderdale, for appellants.
Broad and Cassel and Steven W. Davis, Miami, for appellee.
Before HUBBART, NESBITT, and DANIEL S. PEARSON, JJ.
PER CURIAM.
The parents of a minor child brought a medical malpractice action individually and on behalf of their injured child as his natural guardians and next of friend. A settlement was reached with the doctor involved, and the agreement was submitted to the circuit court for approval. Because the amount of the net settlement was in excess of $5,000, the trial court appointed a guardian ad litem to represent the child's interests. § 744.387(2), Fla. Stat. (1987). The guardian reviewed the settlement and recommended an attorney's fee of thirty-five percent of the gross settlement. The trial judge reduced the fee to one-third of the gross.
The parents then reached a settlement with the hospital involved. Again a guardian ad litem was appointed pursuant to section 744.387(2). After examining files of the plaintiffs' attorneys, he determined that the agreement was in the best interest of the child. He opined that the parents should receive $400,000 of the gross settlement amount and further recommended that the attorney's fee be thirty-five percent of the gross. The trial judge approved this second settlement but departed from the guardian ad litem's recommendations in two respects: a) he reduced the *937 parents' portion of the award to $250,000 and b) he awarded an attorney's fee of twenty-nine percent of the gross sum of both settlements after applying the facts of the case to the Florida Bar Rule of Professional Conduct 4-1.5(F)(4)(b)1, dealing with limitations on contingent fees for legal services. The claimants now appeal the order reducing their respective awards.[1]
Appellants claim that the guardian ad litem was the functional equivalent of a special master and that, consequently, the trial judge was required to confirm the guardian's report unless it was clearly erroneous. We reject this reasoning. The role of a guardian ad litem is to act on an ex parte basis in defending the interests of the person he represents. Fla.R.P. & G.P. 5.120(a). This role should not be confused with that of a master who presides at a contested adversarial hearing. Fla.R.Civ. P. 1.490(f). Such a hearing did not take place in this case. Moreover, had the guardian ad litem here actually been functioning in the capacity of a special master, he would necessarily have abdicated his adversarial role on behalf of the minor, and consequently, the entire proceeding below would be voidable due to an absence of independent counsel to represent the minor.
The trial court conducted a hearing at which the parties introduced evidence in support of the attorney's fees and their recommended allocation of the parent's intangible award. The guardian was also present, and his report, as well as the settlement agreement, was before the judge. Based on this evidence, the judge made his decision "in the best interest of the ward." See § 744.387(1), Fla. Stat. (1987). The appellants now argue that the trial court abused its discretion in calculating the attorney's fees based on Florida Rule of Professional Conduct 4-1.5(F)(4)(b)1 because that rule did not go into effect until one year after the contingency fee contract involved was signed. We disagree that use of the rule was error.
Since it was within the trial judge's discretion to affirm the settlement if he found it to be in the best interest of the child, the judge had the discretion to determine whether the contract to pay legal fees, entered into on behalf of the minor, was reasonable. Nixon v. Bryson, 488 So.2d 607 (Fla. 3d DCA), review denied, 494 So.2d 1152 (Fla. 1986); Phillips v. Nationwide Mut. Ins. Co., 347 So.2d 465 (Fla. 2d DCA 1977). While the rule limiting legal fees is mandatory for contingent fee contracts entered into after June 30, 1986, there is nothing in the supreme court opinion adopting the rule which prohibits a judge, in his discretion, from applying the rule as a reasonable guideline in determining an appropriate fee for services rendered to a minor child prior to the rule's effective date. See The Florida Bar Re Amendment to the Code of Professional Responsibility (Contingent Fees), 494 So.2d 960 (Fla. 1986).
Furthermore, it was not an abuse of discretion for the trial court to consider the effect of the fee awarded to the plaintiffs' attorney in the first settlement with the doctor in setting the attorney's fee award for the later settlement with the hospital. See Nixon v. Bryson, 488 So.2d at 609 (in setting proper attorney's fee for legal services performed on behalf of a minor, trial court must determine whether the fee was fair in relation to the amount of legal services performed). Similarly, we find no abuse of discretion in the trial court's decision to reduce the parental award since that decision was made in the best interest of the child.
Accordingly, the order is affirmed.
NOTES
[1] In this appeal, the parents and their attorneys, the law firm of Presley & Shapiro, are jointly represented by the Presley & Shapiro firm, and all appellants presented their arguments in one brief.