595 So.2d 219 (1992)
William F. SULLIVAN, as personal representative of the estate of Maria Luisa Alaniz, deceased, on behalf of the estate of Maria Luisa Alaniz, deceased, and on behalf of Saul Alaniz, as surviving spouse, Javier Alaniz, and Saul Alaniz, Jr., surviving minor children, Appellant,
v.
DEPARTMENT OF TRANSPORTATION, an agency of the State of Florida, and Collier County, a political subdivision of the State of Florida, Appellees.
No. 90-03300.
District Court of Appeal of Florida, Second District.
February 28, 1992.
Arnold Robert Ginsberg of Ginsberg, P.A., Ratiner & Glinn, P.A., Edward A. Perse, of Perse, P.A., Miami, for appellant.
Gerald W. Pierce of Henderson, Franklin, Starnes & Holt, P.A., Fort Myers, for appellee Collier County.
PARKER, Acting Chief Judge.
William F. Sullivan, as personal representative of the estate of Maria Luisa Alaniz, deceased, on behalf of the estate of Maria Luisa Alaniz, deceased, and on behalf of Saul Alaniz, the surviving spouse, Javier Alaniz, and Saul Alaniz, Jr., the surviving minor children, appeals a final summary judgment in favor of Collier County in an action filed for wrongful death. We reverse, concluding that a pre-suit settlement, not approved by the lower court, awarding $30,000 to each of the minor children,[1] will not bar the personal representative from pursuing this action on behalf of the surviving minor children.
*220 George Carr, the first personal representative of this estate, on behalf of the estate, the surviving spouse, and surviving minor children, filed a wrongful death action in 1989 against the Department of Transportation[2] and Collier County. Carr was an attorney and associate of Sullivan, the appellant and successor personal representative. Carr's complaint alleged negligent design and maintenance of a county road on which the deceased was killed.
Collier County filed an answer and alleged as an affirmative defense that the plaintiff below released Collier County from any negligence action against them based upon a settlement agreement and release. Collier County attached a copy of the settlement agreement to its answer and affirmative defenses. Carr, as personal representative of the estate of the deceased, executed the agreement in 1987. Saul Alaniz, individually and as surviving spouse of Maria Luisa Alaniz, as guardian and natural parent of Saul, Jr., and as guardian and natural parent of Javier, executed the settlement agreement in 1988. The settlement with Collier County resulted in monthly payments for life to the surviving spouse and $30,000 to each of the two children.
Sullivan denied the affirmative defenses and alleged that a court of competent jurisdiction did not approve the release and that the release is in violation of the statutory sections which regulate the allocation of settlement funds among survivors and incompetent guardianship assets.[3] It is undisputed that a circuit court never approved the settlement.
Collier County filed a motion for summary judgment and alleged at the hearing on the motion that Carr had released the county from all claims arising from the death of Maria Luisa Alaniz prior to filing suit. The trial court granted Collier County's motion, dismissed the complaint, and rendered a summary final judgment in the county's favor.
This court must decide the following issue: When a minor child receives a settlement which exceeds $5,000 before any lawsuit has been instituted, must a court of competent jurisdiction approve that settlement? We conclude the answer is yes.
An outline of the provisions of the 1987 version of the Florida Statutes, which would apply to the 1988 settlement[4], establishes the following requirements:
1. Section 744.301(2) authorizes the father, as natural guardian, to settle a claim on behalf of his minor child when the amount of the settlement does not exceed $5,000;
2. Section 744.387(1) declares that a settlement which is made before any lawsuit has been filed by a guardian on behalf of a ward may be approved by the court, upon the guardian's petition, when the settlement is in the best interest of the ward;
3. Section 744.387(2) permits a natural guardian of a minor to settle a claim on behalf of a minor that does not exceed $5,000 without bond, and if the settlement exceeds $5,000, a legal guardianship is required;
4. Section 744.387(3)(a) requires court approval of any settlement after an action is commenced involving a ward;
5. Section 744.387(3)(b) requires the appointment of a guardian in any net settlement to a ward which exceeds $5,000;
6. Under the Wrongful Death Act, section 768.23 states that the court shall provide protection for any amount awarded for *221 the benefit of a minor child pursuant to the guardianship law; and
7. Section 768.25 provides that while an action is pending, no settlement which affects a minor can be effective unless approved by the court.
Considering all of these statutes, it appears that the omission by the legislature of pre-suit procedures in settlements for minors exceeding $5,000 does not exempt the minor's guardian from obtaining the circuit court's approval of this settlement. The court, for the protection of the minors, must approve settlements of minors in these amounts. The circuit court has the inherent power to accomplish this to protect a minor who, without the court's careful review, may be shortchanged to his or her detriment.
Accordingly, we reverse the summary judgment and remand for proceedings consistent with this opinion.
PATTERSON, J., concurs.
ALTENBERND, J., concurs specially.
ALTENBERND, Judge, concurring.
I agree that neither a personal representative nor a natural guardian has statutory authority to execute a presuit settlement of a surviving minor's claim, if the settlement amount exceeds $5,000. I assume that the statutes eliminate any common law authority that a natural guardian may have had to settle such claims. Since no one seems to have statutory or common law authority to enter into such a settlement, it is logical to conclude that the settlement needs judicial approval before it is binding in court. Accordingly, this summary final judgment must be reversed.
I write specially only to note that we have not determined what proceedings will now be required in the trial court. Whether the settlement is void or merely voidable, whether the trial court can approve or disapprove the settlement nunc pro tunc, whether the minors must return the settlement funds before this suit proceeds, are all interesting issues which have not been considered by the trial court and have not been resolved by this opinion.
NOTES
[1] The appeal does not involve the portion of the settlement to the surviving spouse.
[2] The trial court dismissed the DOT from this lawsuit.
[3] Sullivan admitted that the funds which had been advanced to the estate or the survivors could be set off on a pro rata basis in relation to the individual claims.
[4] We have not ignored section 733.609, Florida Statutes (1987) which permits an action against a personal representative for breach of a fiduciary duty. We only note that the appellants have not sought that relief in the trial court.