REVISED OPINION
PER CURIAM.
This is an appeal by Clemente and Barbara Lopez, as guardians and natural parents of Carlos Lopez, a minor, and Ira M. Elegant, as guardian ad litem, from the denial of Mr. and Mrs. Lopez’ motion to vacate a voluntary dismissal based on a settlement agreement which had previously been entered in a medical malpractice action. The sole legal basis urged below for vacating this voluntary dismissal and settlement was that such dismissal was void, and therefore subject to vacation under Fla.R.Civ.P. 1.540(b)(4), because a guardian *507 ad litem was not appointed to represent Carlos Lopez at the time the settlement of the medical malpractice action was approved by the trial court. We affirm for two reasons.
First, the failure to appoint a guardian ad litem to represent a minor prior to the court approving a settlement in a lawsuit brought on behalf of the minor, where such appointment is required, does not render the settlement and subsequent voluntary dismissal void [as opposed to voidable] so as to subject it to a motion to vacate under Fla.R.Civ.P. 1.540(b)(4). This is so because a due process violation is not established by such a showing. Savage v. Rowell Distrib. Corp., 95 So.2d 415 (Fla.1957); McDaniel v. McElvy, 91 Fla. 770, 813, 108 So. 820, 835 (1926).
Second, in any event, no conflict of interests was ever alleged below between Mr. or Mrs. Lopez and their son Carlos sufficient to trigger the appointment of a guardian ad litem for Carlos. No showing was ever made that the Lopezes sought to enrich themselves from the subject settlement to the detriment of their son; to the contrary, the showing below is clear that the Lopezes have throughout this litigation acted to protect the interests of their son, and have even sought to set aside the settlement below in that endeavor. The mere fact that the settlement may have arguably been inadequate to pay for Carlos’ nursing home care does not, as urged, create retroactively a conflict of interests between Carlos and his parents. Absent such a conflict of interests, the trial court was not required to appoint a guardian ad litem to represent Carlos prior to approving the settlement below. Burden v. Dickman, 547 So.2d 170, 172 (Fla. 3d DCA), rev. denied, 557 So.2d 866 (Fla.1989); § 744.391, Fla. Stat. (1985).
Affirmed.