SAWAYA, J.
Karen H. Wilson, individually and as natural guardian of her minor son, David Shaber, appeals the trial court’s order granting Morgan, Colling and Gilbert’s (Morgan) Motion for Approval of Settlement of Minor’s Personal Injury Claim. Although Wilson raises several issues, the essence of her complaint is that the fees awarded to Morgan are excessive and the appropriate forum to adjudicate that issue is the Ohio court where the guardianship was established for Shaber. We disagree and affirm.
Shaber, age fourteen and a resident of Ohio, was injured in an automobile acci *711 dent in Brevard County, Florida, allegedly caused by Kathleen Griffiths. Griffiths was insured by United Services Automobile Association (United) which issued a liability policy with limits of $100,000. Shortly after the accident, Wilson entered into a contingent fee agreement with Morgan to pursue claims on behalf of herself and her son.
Morgan subsequently made demand upon United for payment • of the policy limits and provided United with copies of the pertinent medical records. A few months later, Morgan again demanded the policy limits, but to no avail. Morgan subsequently wrote Wilson, informed her that no offer had been made, and requested authorization to file suit. Authorization was given by Wilson and suit was filed on behalf of Wilson and Shaber. Upon receipt of the complaint, United tendered the limits of Griffith’s insurance policy.
Morgan then wrote another letter to Wilson in which Morgan sought confirmation of her acceptance of the policy limits; advised Wilson to execute a release; and further advised her to establish a guardianship in Ohio for Shaber. Wilson hired an attorney in Ohio who obtained an Ohio court order appointing Wilson as the legal guardian of Shaber’s property and letters of guardianship and provided copies thereof to Morgan. In the meantime, Morgan provided Wilson’s Ohio attorney with a copy of the closing statement which reflected the gross settlement of $100,000 and payment of attorney’s fees in the amount of $33,333.34 pursuant to the contract for fees which provided for a contingent fee of 33 1/3% of the sum recovered. Morgan filed a motion for approval of the settlement of Shaber’s claim to which Wilson objected. Although she approved the $100,000 settlement offer, she specifically objected to the amount of the attorney’s fees even though that was the amount required under the contract. Pursuant to a request from Wilson’s Ohio attorney, Morgan supplied him with a copy of the contingent fee contract but could not supply him with documents revealing the number of billable hours spent on the case because they were not kept given the fact that the contract was contingent.
Morgan set the hearing on the motion for approval of the settlement and thereafter notified Wilson’s Ohio attorney in writing, on two separate occasions, of the hearing date. Morgan also notified Wilson in writing of the hearing date and that she and her attorney could appear telephoni-cally if they desired. At the hearing, the trial court approved the settlement and, at the request of Wilson and her Ohio counsel, reserved ruling on the amount of attorney’s fees until both sides submitted briefs on the issue.[1]
After the briefs were submitted, the trial court issued its order approving the settlement of Shaber’s claim and Morgan’s attorney’s fees, which were calculated pursuant to the contract at 33 16% of the amount recovered. The trial court ordered that the settlement funds be disbursed according to the motion for approval of settlement and that Shaber’s portion of the recovery be deposited into the Ohio *712 counsel’s trust account until the court in Ohio having jurisdiction over the guardianship decided how and where the minor’s funds should be maintained. It is this order that Wilson appeals.
We will first determine which court — the Florida or the Ohio court — had jurisdiction to approve the settlement agreement. We conclude that the Florida court had jurisdiction to decide whether the settlement, including the amount of fees to Morgan, was in the best interest of Shaber.
Parents are considered the natural guardians of their minor children and are authorized, without formal appointment or bond, to settle a claim on behalf of their children when the amount of the settlement is less than $5,000. § 744.301, Fla. Stat. (1999). When the claim exceeds $5,000, as it does in the instant case, a guardian must be appointed to settle the claim. § 744.387(2), Fla. Stat. (1999).[2] Pursuant to section 744.387(1), Florida Statutes (1999), the court must determine whether such a settlement is in the best interest of the minor, which requirement applies to pre-suit settlements as well as to those made after litigation has commenced. Sullivan v. Department of Transp., 595 So.2d 219 (Fla. 2d DCA 1992).
In the instant case, pre-suit settlement failed and Morgan requested and received from Wilson authorization to file suit. The settlement was reached thereafter. Section 744.387(3)(a) specifically provides:
No settlement after an action has been commenced by or on behalf of a ward shall be effective unless approved by the court having jurisdiction of the action.
(Emphasis supplied). Pursuant to the clear language of this statute, the court having jurisdiction of the action in the instant case was the circuit court in Bre-vard County. See Maugeri v. Plourde, 396 So.2d 1215, 1216 (Fla. 3d DCA 1981) (stating that, pursuant to section 744.387(3)(a), “the only court having jurisdiction to approve the settlement of a minor’s claim in a pending action is the court in which the action is pending.”).[3] We conclude, therefore, that the appropriate court to approve the settlement, including the award of attorney’s fees to Morgan, was the circuit court in Brevard County, not the Ohio court as Wilson argues. We must next determine whether the trial court in Florida properly decided that the fee to Morgan was appropriate.
*713 Contingent fee contracts are generally governed by rule 4-1.5(f) of the Rules Regulating the Florida Bar. A contingent fee contract that fails to comply with the rule is against public policy and may be unenforceable. Chandris, S.A. v. Yanakakis, 668 So.2d 180, 185-86 (Fla.1995). Wilson does not contend in these proceedings that the contract with Morgan does not comply with the rule. Rather, she takes umbrage with the amount of fees ultimately awarded by the trial court.
The inherent power that Florida courts have to protect minor children and their property extends to contracts with minors or their guardians for legal services. Nixon v. Bryson, 488 So.2d 607 (Fla. 3d DCA), rev. denied sub nom. Ratiner & Glinn, P.A. v. Bryson, 494 So.2d 1152 (Fla.1986); Phillips v. Nationwide Mut. Ins. Co., 347 So.2d 465 (Fla. 2d DCA 1977). In order to determine whether a contract for legal services will be binding on the minor, the court must determine that 1) it was reasonably necessary to employ an attorney on behalf of the minor; 2) the contract was fair and reasonable at the time it was entered into; and 3) the contract is fair in relation to the legal services actually rendered on behalf of the minor. Nixon; see also Buncayo v. Dribin, 533 So.2d 935 (Fla. 3d DCA 1988); Phillips. The standard of review that we must apply to determine whether the trial court properly applied this test is abuse of discretion. Buncayo; Nixon; see also Thomas v. Perkins, 723 So.2d 293 (Fla. 3d DCA 1998) (holding that the abuse of discretion standard of review applies to determine whether an award of attorney’s fees is excessive).
The trial court’s order specifically contains the following findings: 1) it was necessary to employ an attorney on behalf of Shaber; 2) the contingent contract with Morgan was fair and reasonable at the time it was entered into; 3) the contract was fair in relation to the amount of legal services performed; and 4) the fee under the contract is not excessive. The order states that these findings were made after considering “the evidence presented and reviewing the file and authorities submitted.” Based on the record before us, we cannot find that the trial court abused its discretion in awarding the fees to Morgan.[4] Therefore, we affirm.
AFFIRMED.
THOMPSON, C.J., and COBB, J., concur.

. We find the argument by Wilson that she did not receive proper notice and an opportunity to be heard regarding the motion to approve the settlement, which included the request for attorney's fees, to be without merit. When Wilson’s Ohio counsel requested that the trial court reserve ruling on the issue of attorney’s fees at the hearing on September 11, 2000, the trial court complied with that request and reserved ruling on the attorney's fee issue until briefs were submitted by both parties. Only following the trial court’s consideration of counsels’ arguments at the hearing, the applicable statutes and case law, and review of the submitted memoranda and briefs of both parties, did the trial court hold that Morgan’s fees were fair and reasonable.

. If the gross amount of the minor's settlement exceeds $25,000, as it does in the instant case, the court must appoint a guardian ad litem to protect the minor’s interest unless a legal guardian has been appointed that has no potential interest adverse to the minor. § 744.301 (4)(a), Fla. Stat. (1999). Wilson was appointed the guardian of the estate of Shaber by the probate court in Ohio and her claim against Griffiths was only for payment of incurred medical expenses and future medical expenses on account of her son's injury. She made no claim for personal damages on account of her son’s injury. Moreover, contesting the amount of attorney's fees under the circumstances of the instant case does not create the type of conflict that would require appointment of a guardian ad litem under the statute. Therefore, we find that Wilson had no potential interest adverse to Shaber that would necessitate the appointment of a guardian ad litem. See Lopez v. Variety Children’s Hosp., 600 So.2d 506 (Fla. 3d DCA) (holding that absent a conflict of interest between the parent acting as guardian and the minor, the trial court is not required under the statute to appoint a guardian ad litem to represent the minor prior to approving the settlement), rev. denied sub nom. Elegant v. Variety Children’s Hosp., 613 So.2d 3 (Fla.1992).

. The accident occurred in Brevard County, the defendant, Griffiths, resided in Brevard County, the cause of action originated in Bre-vard County, and the insurance policy issued to Griffiths was issued in Florida.

. This court requested that the parties provide a copy of the transcript of the September 11, 2000 hearing to be submitted as part of the record. The transcript was never provided. We can only assume that the hearing was not transcribed. Therefore, no record of the hearing is available for review by this court. See Thomas, 723 So.2d at 294 (holding that an abuse of discretion in awarding an amount of attorney’s fees could not be established because "the record before us does not contain a transcript of the hearing that was held to determine the amount of fees and costs.’’).