37 So.3d 277 (2010)
In re GUARDIANSHIP OF Randall DEILY,
Jaime Stinson, as natural mother and next friend of Randall Deily, and Toral, Garcia, Pineyro & Franz, P.A., a Florida Professional Association, Appellants,
v.
GEICO Insurance Company, Appellee.
No. 2D08-2965.
District Court of Appeal of Florida, Second District.
January 15, 2010.
Brandon S. Vesely of Keane, Reese, Vesely & Gerdes, P.A., St. Petersburg, for Appellants.
Frank A. Zacherl and Arturo Martinez of Shutts & Bowen, LLP, Miami, for Appellee.
WHATLEY, Judge.
Jaime Stinson, the mother and next friend of Randall Deily, and Toral, Garcia, Pineyro & Franz, P.A. (the Firm), challenge the order of the probate court granting the guardian's petition to strike the Firm's amended petition to approve settlement and to confirm the Firm's retention as counsel. We reverse.
On June 6, 2007, eighteen-year-old Randall Deily suffered an incapacitating brain injury when his bicycle collided with a car. On August 23, 2007, Stinson, on behalf of Randall, signed a standard contingency fee agreement retaining the Firm to represent Randall.
The police report of the accident indicated that Randall was completely at fault. However, the Firm's investigation of the accident revealed a meritorious basis to pursue a claim against the driver of the car and his liability insurance carrier, *278 GEICO.[1] The Firm submitted a demand upon GEICO for the full policy limits, and on September 4, 2007, GEICO tendered the full policy limits of $300,000. The Firm also submitted a demand upon Randall's uninsured motorist insurance carrier, and it tendered the full policy limits of $25,000. Further investigation by the Firm revealed there were no other viable assets to pursue.
At the direction of the Firm, on September 7, 2007, Stinson filed a petition to determine incapacity, case number 07-6183, and a petition to appoint her as Randall's guardian, case number 07-6184. On September 21, 2007, the probate court appointed Thomas Tripp as attorney for Randall. Tripp recommended that a professional guardian be appointed. He consulted with attorney M. Elizabeth Wall to locate a guardian, and on October 2, 2007, Sandra J. Scott, a professional guardian represented by Wall, petitioned to be appointed plenary guardian of Randall.
On October 11, 2007, the Firm filed a petition in case number 07-6184 to approve settlement and to confirm its retention. On October 23, 2007, the probate court entered an order declaring Randall incapacitated and appointing Scott as his plenary guardian. On October 29, 2007, the Firm filed an amended petition to approve settlement and confirm its retention. The guardian thereafter filed a petition to strike the Firm's amended petition.
At the initial hearing on the Firm's petition on November 6, 2007, attorneys Tripp and Wall argued against approval of the settlement. Wall asserted that she had consulted with personal injury attorneys who pointed out many different issues that needed to be considered. Judge Greer focused on the fact that the Firm had obtained all the insurance proceeds that were available. Wall responded that she did not know if those were all the proceeds available, and she asserted she could get a better deal for Randall as far as attorney's fees were concerned. Judge Greer asked if that assertion did not go to the reasonableness of the fee as opposed to the fairness of the settlement. Through the remainder of the hearing he continued to focus, and we believe rightly so, on the question of whether the settlement was fair. However, because Judge Greer determined that an evidentiary hearing was required, he continued the hearing.
At the next hearing on the Firm's petition, a new judge had been assigned to the probate court. Judge Laughlin granted the guardian's petition and struck the Firm's amended petition on the ground that Randall's mother was not authorized to act in any capacity on his behalf when she signed the retainer with the Firm, and the Firm had no contract with Randall or his guardian, Scott.
Although Stinson had not been appointed guardian of Randall at the time she retained the Firm, neither had anyone else. Florida Rule of Civil Procedure 1.210(b) provides that "[a] minor or incompetent person who does not have a duly appointed representative may sue by next friend or by a guardian ad litem." The Firm directed Stinson to petition the probate court to determine Randall's incapacity and to appoint a guardian, and she did so just over two weeks after retaining the Firm. The Firm obtained the full policy limits of the only two applicable insurance *279 policies. Thus, nothing untoward was pursued or accomplished with regard to Randall.
Under the unique circumstances of this case, we hold that it was improper for the probate court to strike the Firm's amended petition without conducting a hearing pursuant to Phillips v. Nationwide Mutual Insurance Co., 347 So.2d 465 (Fla. 2d DCA 1977). In Phillips, this court declared that
a contingent fee arrangement entered into on behalf of a minor will be binding on the minor if the trial court determines: 1) that it was reasonably necessary to employ an attorney on behalf of the minor; and 2) that the contract by which the attorney was employed was fair and reasonable at the time it was entered into.
Id. at 466-67. While Phillips concerned a minor, we believe it is equally applicable to an incompetent or incapacitated adult.
Accordingly, we reverse the order striking the Firm's amended petition to approve settlement and remand with directions that the court conduct a hearing to determine the applicability of the factors set forth in Phillips.
Reversed and remanded with directions.
SILBERMAN and CRENSHAW, JJ., Concur.
NOTES
[1] GEICO was substituted as the sole Appellee in this action pursuant to an unopposed motion filed in accordance with the settlement agreement between Scott, the driver of the car, and GEICO. That agreement called for GEICO to be responsible for paying any amounts the court determined the Firm was entitled to for compensation for services rendered to Randall.