464 So.2d 673 (1985)
Frank ZENTMEYER and Neil Zentmeyer, His Wife, Appellants,
v.
FORD MOTOR COMPANY, INC., et al., Appellees.
No. 84-407.
District Court of Appeal of Florida, Fifth District.
March 7, 1985.
Warren L. Harris of Cheeseman, Stevens & Harris, Tampa, for appellants,
H. David Luff of Sanders, McEwan & McDonald, Orlando, for appellees.
ORFINGER, Judge.
The plaintiffs appeal from an order dismissing their action for failure to prosecute, pursuant to Fla.R.Civ.P. 1.420(e). We reverse.
The rule on which the dismissal was based provides:
(e) Failure to Prosecute. All actions in which it appears on the face of the record that no activity by filing of pleadings, orders of court or otherwise has occurred for a period of one year shall be dismissed by the court on its own motion or on the motion of any interested person ... Mere inaction for a period of less than one year shall not be sufficient cause for dismissal for failure to prosecute.
Here, the last record activity on the face of the record is an order, filed October 6, 1982, denying Ford Motor Company's second motion for summary judgment. The motion to dismiss for failure to prosecute was filed on October 6, 1983. That motion was premature, because the action was not subject to dismissal on that date. The general rule for computing the time within which a thing must be done is to count the time by excluding the day on which the initial act occurred and include the corresponding future date. Scarlett v. Frederick, 147 Fla. 407, 3 So.2d 165 (1941); *674 Johnson v. Mortgage Investors of Washington, 410 So.2d 541 (Fla. 2d DCA 1982). See also, Fla.R.Civ.P. 1.090(a).
Because the last record activity occurred on October 6, 1982, the one year period did not begin to run until October 7, 1982 and would not have expired until the end of the day on the following October 6. Therefore the motion to dismiss was filed one day too soon, and was thus premature. Johnson, supra.
The order dismissing the cause of action for failure to prosecute is reversed, and the cause is remanded for further proceedings.
REVERSED and REMANDED.
DAUKSCH, and FRANK D. UPCHURCH, Jr., JJ., concur.