495 So.2d 202 (1986)
Diane L. CARTER, Etc., Appellant,
v.
Lizardo CEREZO, M.D., et al., Appellees.
No. 85-634.
District Court of Appeal of Florida, Fifth District.
August 28, 1986.
Rehearing Denied September 30, 1986.
Richard A. Bokor, Tampa, for appellant.
Mason H. Grower, III, of Taraska, Hill and Grower, P.A., Orlando, for appellee, Cerezo.
H. Scott Bates, of Bates & Bates, P.A., and Mateer & Harbert, P.A., Orlando, for appellee Orlando Regional Medical Center, Inc.
ORFINGER, Judge.
Plaintiff Diane L. Carter appeals from an order dismissing her action for failure to prosecute. Fla.R.Civ.P. 1.420(e).[1] We affirm.
Carter filed a medical malpractice action on February 23, 1984, naming appellees Cerezo and Orlando Regional Medical Center, Inc. (Orlando Regional) as defendants. On Monday, February 25, 1985, Cerezo filed a motion to dismiss for failure to prosecute. On Tuesday, February 26, 1985, Orlando Regional filed its motion to dismiss for failure to prosecute. Both motions alleged that there had been no record activity for a period of one year from the filing of the suit. The trial court granted both motions and dismissed the action.
Citing to Zentmeyer v. Ford Motor Company, Inc., 464 So.2d 673 (Fla. 5th DCA 1985), appellant first contends that Cerezo's motion, filed on February 25, 1985, was premature because the one year period from the filing of the complaint on February 23, 1984 did not end until the corresponding February 23, 1985, a Saturday, *203 thus extended through Monday, February 25, 1985.[2] In Zentmeyer, we held:
The general rule for computing the time within which a thing must be done is to count the time by excluding the day on which the initial act occurred and include the corresponding future day. Scarlett v. Frederick, 147 Fla. 407, 3 So.2d 165 (1941); Johnson v. Mortgage Investors of Washington, 410 So.2d 541 (Fla. 2d DCA 1982). See also, Fla.R.Civ.P. 1.090(a).
Because the last record activity occurred on October 6, 1982, the one year period did not begin to run until October 7, 1982 and would not have expired until the end of the day on the following October 6. Therefore the motion to dismiss was filed one day too soon, and was thus premature. Johnson, supra.

The order dismissing the cause of action for failure to prosecute is reversed, and the cause is remanded for further proceedings.
464 So.2d at 673, 674.
However, the period of one year in the present case involves a leap year, making February 23, 1985 the 366th day following the date of the last record activity. This was not the case in Zentmeyer where the period of one year was the usual period of 365 days. Accordingly, appellee Cerezo has also cited to Zentmeyer, arguing that the one year period expired on Friday, February 22, 1985, 365 days after the filing of appellant's action. It is appellant's position that by clearly stating "a period of one year," the rule requires that the period be 365 days, even during leap year. We cannot accept this interpretation of the rule.
There is no legislative definition of the term "year," nor do the Florida Rules of Civil Procedure define the term. Black's Law Dictionary defines "year" as follows:
Year. The period in which the revolution of the earth round the sun, and the accompanying changes in the order of nature, are completed. Generally, when a statute speaks of a year, twelve calendar, and not lunar, months are intended. The year is either astronomical, ecclesiastical, or regnal, beginning on the 1st of January, or 25th of March, or the day of the sovereign's accession.
The civil year differs from the astronomical, the latter being composed of three hundred and sixty-five days, five hours, forty-eight minutes, forty-six seconds and a fraction, while the former consists sometimes of three hundred and sixty-five days, and at others, in leap-years, of three hundred and sixty-six days.
When the period of a "year" is named, a calendar year is generally intended, but the subject-matter or context of statute or contract in which the term is found or to which it relates may alter its meaning.
Blacks Law Dictionary 1448 (rev. 5th ed. 1979).
We can only conclude that in the context in which it is used, a "period of one year" in Rule 1.420(e) includes both regular and leap years. Because the fluctuation of the length of a year is comprised within the very definition of a "year," the rule need not make an express exception for "leap year." Thus, applying the rule in Zentmeyer, the period ended on February 23, 1985 and was extended by Rule 1.090(a) to Monday, February 25, 1985. Appellee Cerezo's motion was filed one day too soon.
This conclusion however does not dispose of the case before us. By any calculation, Orlando Regional's motion filed on February 26, 1985 was not premature. Appellant argues that Cerezo's motion, filed February 25, was "record activity" within the one year period, so that Orlando Regional's motion should not have been granted. In support of this position, appellant cites Johnson v. Mortgage Investors of Washington, 410 So.2d 541 (Fla. 2d DCA 1982), which does stand for that proposition. However, the Second District recently receded from that position in Fleming v. *204 Barnett Bank of East Polk County[3], 490 So.2d 126 (Fla. 2d DCA 1986) (en banc), where the court stated:
The concern which prompted our en banc hearing is the principle that record activity sufficient to preclude dismissal must be an affirmative act that is reasonably calculated to hasten the suit to judgment. Harris v. Winn Dixie Stores, Inc., 378 So.2d 90 (Fla. 1st DCA 1979). A motion to dismiss for failure to prosecute which is premature does not fall within this category, it does not achieve the termination of the litigation and, for purposes of the rule, the premature motion is a nullity. We therefore recede from the statement in Johnson v. Mortgage Investors of Washington [410 So.2d 541 (Fla. 2d DCA 1982)] supra, that a prematurely-filed motion to dismiss for lack of prosecution constitutes record activity.
In Inman, Inc. v. Miami Dade Water and Sewer Authority, 489 So.2d 218 (Fla. 3d DCA 1986) the Third District followed Fleming and held that a motion to dismiss filed before the expiration of one year from the last record activity is not itself record activity sufficient to preclude a subsequent dismissal. The First District has taken the opposite view. In Gant v. Tallahassee Memorial Regional Medical Center, 490 So.2d 1020 (Fla. 1st DCA 1986), the court held that a motion to dismiss for lack of prosecution, filed prematurely, was sufficient record activity to preclude the subsequent granting of a motion to dismiss. We agree with the Second and Third Districts, and with the dissenting judge in Gant, that a prematurely filed motion to dismiss for lack of prosecution is not the type of record activity which will toll the one year period addressed in the rule, because it is not the type of activity intended and reasonably calculated to hasten the cause to judgment. Gulf Appliance Distributors, Inc. v. Long, 53 So.2d 706 (Fla. 1951). We thus find ourselves in express and direct conflict with Gant on the same question of law.
The trial judge therefore correctly dismissed the action for lack of prosecution, so the order appealed from is
AFFIRMED.
COBB and COWART, JJ., concur.
NOTES
[1] Rule 1.420(e) states:

Failure to Prosecute. All actions in which it appears on the face of the record that no activity by filing of pleadings, order of court or otherwise has occurred for a period of one year shall be dismissed by the court on its own motion or on the motion of any interested person, whether a party to the action or not, after reasonable notice to the parties, unless a stipulation staying the action is approved by the court or a stay order has been filed or a party shows good cause in writing at least five days before the hearing on the motion why the action should remain pending. Mere inaction for a period of less than one year shall not be sufficient cause for dismissal for failure to prosecute.
[2] When the last day for performing an act falls on a Saturday, Sunday or legal holiday, the time for performance is extended to the end of the next day which is neither a Saturday, Sunday or legal holiday. Rule 1.090(a), Fla.R.Civ.P.
[3] In Fleming, the last record activity took place on February 10, 1984. Thus the extra day in that leap year came into play as it does here. The court concluded, without discussion, that the critical date was February 10, 1985, the same date which we would arrive at by using the method of calculation discussed in this case and in Zentmeyer.