GUNTHER, Judge.
This is an appeal from an order dismissing a case for failure to prosecute. Rule 1.420(e), Fla.R.Civ.P. We reverse. Florida Rule of Civil Procedure 1.420(e) provides:
(e) Failure to Prosecute. All actions in which it appears on the face of the record that no activity by filing of pleadings, order of court or otherwise has occurred for a period of one year shall be dismissed by the court on its own motion or on the motion of any interested person, whether a party to the action or not, after reasonable notice to the parties, unless a stipulation staying the action is approved by the court or a stay order has been filed or a party shows good cause in writing at least five days before the hearing on the motion why the action should remain pending. Mere inaction for a period of less than one year shall not be sufficient cause for dismissal for failure to prosecute.
In the instant case, the following dates and record activities are significant:
January 23,1985 Order of transfer from 17th judicial circuit to 15th judicial circuit
February 25,1985 Plaintiffs pay filing fee, file the action transferred, and are assigned a case number by the clerk of the circuit court of the 15th judicial circuit
January 28,1986 Defendants file motions to dismiss for lack of prosecution in the 17th judicial circuit
February 5,1986 Motions to dismiss denied because 17th judicial circuit lacked jurisdiction
February 7,1986 Motions to dismiss for lack of prosecution filed in the 15th judicial circuit
February 14,1986 Plaintiffs file motion to compel
May 12,1986 Order granting defendant, Jonathan Chua’s motion to dismiss for lack of prosecution
May 16,1986 Order granting defendant, Delray Community Hospital’s motion for lack of prosecution.
The plaintiffs appeal the May 12 and May 16, 1986 orders of dismissal. To resolve the issue raised, we must decide whether the January 23, 1985 order of transfer or the February 25, 1985 activity is the date of the last record activity from which the trial court must calculate the one-year period.
The presumption of correctness which ordinarily attaches to the trial court's grant or denial of a motion to dismiss for lack of prosecution appears to conflict with the equally compelling principle that judicial restraint should be practiced in the exercise of the court’s inherent power to dismiss an action for want of prosecution so that the case can be adjudicated on its merits. Diaz v. Public Health Trust of Dade County, 492 So.2d 1082 (Fla. 3d DCA 1986). The courts have resolved the conflict by applying the principle which favors adjudication of a case on its merits to ease the burden on a party appealing an order dismissing an action for failure to prosecute, as compared to the heavier burden which must be carried where an appeal is taken from an order denying a motion to dismiss for failure to prosecute. Id. at 1084.
In the spirit of encouraging adjudication on the merits, it is our conclusion that the trial judge miscalculated the date of the expiration of the one-year period because he selected the wrong record activity from which to calculate the one-year period.
We disagree with the defendants’ contention that the last record activity prior to the filing of their February 7, 1986 motions to dismiss was the January 23, 1985 court order of transfer. In our view, the last record activity occurred on February 25, 1985, and the one-year period began to run on February 26, 1985. See Zentmeyer v. Ford Motor Company, 464 So.2d 673 (Fla. 5th DCA 1985). The record indicates that the file was transferred to the 15th judicial *793 circuit and assigned a case number by the clerk of the court on February 25, 1985. Such a transfer can only be effectuated by the filing fee being paid as required by sections 28.241-28.242, Florida Statutes (1985). Contrary to the defendants’ position that the transfer of a file from one circuit to another is merely a ministerial act, we hold that the act of paying a new filing fee to effectuate the transfer of the case from the 17th judicial circuit to the 15th judicial circuit is an active measure intended and calculated to hasten the suit to judgment. See §§ 28.241-28.242, Fla. Stat. (1985); Berenyi v. Halifax Hospital Medical Center, 498 So.2d 655 (Fla. 5th DCA 1986). In the instant case, since record activity occurred on February 25, 1985, the defendants’ February 7, 1986 motions to dismiss were prematurely filed before the expiration of the one-year period ending February 26, 1986. Thus, the trial court erred in dismissing the action based on the defendants’ February 7,1986 premature motions to dismiss for lack of prosecution.
REVERSED AND REMANDED.
LETTS and GLICKSTEIN, JJ., concur.